## McGUIRE

v.

## WARDEN UNITED STATES PENITENTIARY, Atlanta, Ga.

Nos. 4783, 4788.

United States District Court,
W. D. Pennsylvania.

June 16, 1954.

GOURLEY, Chief Judge.

This matter comes before the court on petition of Harry McGuire to set aside judgment and sentence imposed November 30, 1953. 28 U.S.C.A. § 2255.

On March 29, 1946, petitioner was sentenced at Criminal No. E–4787 to a term of four years. At Criminal No. E–4783, he was sentenced to a term of one year and one day, to begin at the expiration of the sentence imposed at Criminal No. E–4787. At Criminal No. E–4788, he was sentenced to a year and a day, this sentence to commence at the expiration of the sentence imposed at Criminal No. E–4787. These sentences were for thefts from interstate shipment.

On May 29, 1946, the sentences were modified because the Court believed that in the interests of justice, the sentences imposed were greater than the circumstances justified. Consequently, at Criminal No. E–4787, the sentence was for two years. At Criminal No. E–4783, the sentence was one year and one day, to commence at the expiration of that imposed at Criminal No. E–4787. Execution of this sentence was suspended, and he was placed on probation for five years. At Criminal No. E–4788, the sentence was one year and one day, to begin at the expiration of the sentence imposed at Criminal No. E–4787. Execution of this sentence was suspended, and he was placed on probation for five years, to run concurrently with No. E–4783.

On November 5, 1947, petitioner was conditionally released from the United

States Penitentiary, Atlanta, Georgia, under the supervision of the Eastern District of Michigan. He completed his conditional release on March 20, 1948, and his probation term began on March 21, 1948. Supervision was maintained in the Eastern District of Michigan.

On July 2, 1948, a bench warrant issued charging that petitioner had failed to submit written monthly reports for April and May 1948, left the jurisdiction of the Eastern District of Michigan without permission, and his whereabouts was then unknown. On July 25, 1948, while in the police ward of the Receiving Hospital in Detroit, petitioner and a fellow prisoner shot their way out. Petitioner was captured on July 30, 1948, at the Mercy Hospital, Chicago, Illinois, where he was being treated for an overdose of benzadrine.

Subsequently, petitioner received a two-year sentence on August 11, 1948, in the Eastern District of Michigan for a Dyer Act, 18 U.S.C.A. §§ 10, 2311–2313, violation. After he served this sentence, he was returned to Detroit, Michigan, and sentenced to three to four years in the State Prison because of the escape in the Receiving Hospital. He was released into the custody of the United States Marshal as a federal probation violator on November 5, 1953.

On November 30, 1953, this member of the court at Criminal Nos. E–4783 and E–4788 revoked the probation of the petitioner and committed him into the custody of the Attorney General for placement in a penal institution for a year and a day.

Petitioner contends that this court is without jurisdiction in that the United States Probation Office lost the right to enforce its warrant in view of his trial and sentence in the State of Michigan while the federal detainer continued in effect.

The law is well established that where an accused in violation of conditions of his probation following sentence commits a crime in a state outside the jurisdiction of the Federal District Court imposing sentence and granting probation, and is incarcerated in a state penitentiary, such period of probation is deemed tolled during period that the accused is incarcerated in the state penitentiary. Allen v. United States, 6 Cir., 209 F.2d 353; United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957.

When a person has violated the criminal statutes of two different sovereigns, it is for the interested sovereigns and not the criminal to settle which shall first inflict punishment. United States ex rel. Demarois v. Farrell, supra; United States ex rel. Moore v. Traeger, 9 Cir., 44 F.2d 312, 313.

An appropriate Order is entered.