UNITED STATES of America,
Appellee,

v.

Albert LANDI, Appellant.

No. 134, Docket 24098.

United States Court of Appeals
Second Circuit.

Argued Dec. 11, 1956.

Decided Jan. 8, 1957.

Matthew H. Brandenburg, New York City, for appellant.

Paul W. Williams, U. S. Atty., New York City, for appellee. William S. Ellis, Asst. U. S. Atty., New York City, of counsel.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

This appeal is completely lacking in merit. The appellant was indicted with two other defendants for violations of the narcotic laws. The indictment contained four counts, the first three charging substantive violations of 21 U.S.C.A. §§ 173 and 174 on different dates, and the fourth count charging a conspiracy to violate the narcotic laws. Appellant, who was represented by counsel, pleaded guilty to counts 2 and 4. Counts 1 and 3 were dismissed. On each of the counts to which he pleaded guilty, he was given a sentence of imprisonment for four years, the sentences to run consecutively. He contends that the cumulation of the sentences was illegal.

It is authoritatively settled that the substantive offense and the conspiracy are separate and distinct crimes. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489. Where the counts are merely verbal variations of a single criminal transaction, this court has criticized the imposition of cumulative sentences. See United States v. Chiarella, 2 Cir., 184 F.2d 903, 911; United States v. Pagano, 2 Cir., 224 F.2d 682, 683. Even then we have no power to modify the sentence. But in the case at bar the conspiracy alleged in the 4th count involved much more than the single criminal transaction in count 2. The criticism voiced in the two cases above cited has no application whatever. The order is affirmed.