UNITED STATES of America,

v.

Saul GELB, Defendant.

United States District Court
S. D. New York.
May 12, 1959.

268

Paul W. Williams, U. S. Atty., New York City, Herbert F. Roth, Asst. U. S. Atty., Astoria, N. Y., for the United States.

Harry Salvan, New York City, for defendant Gelb.

FREDERICK van PELT BRYAN, District Judge.

Defendant moves, pursuant to 28 U.S. C. § 2255 and Rule 35, F.R.Cr.P., 18 U.S. C., to vacate and declare void a sentence of five years imposed upon him by Judge Irving Kaufman on April 24, 1958 upon his plea of guilty to a charge of conspiracy to violate the narcotic laws and to corrupt the Customs Service. He is presently under confinement on this sentence.

Defendant seeks release from confinement, leave to withdraw his plea of guilty

and permission to plead "not guilty", to have the time already served under this sentence credited to him against another sentence on which he is on probation, or against any new sentence which may be imposed, and for a hearing as to certain issues which he claims are raised by his petition.

The main grounds for his application are (1) that Judge Kaufman had no power to impose the sentence of April 24, 1958 because at the time of sentencing defendant was on probation pursuant to a sentence upon his plea of guilty to another charge, and (2) that prosecution for the crime for which Judge Kaufman sentenced him on his plea of guilty was barred by the statute of limitations.

The prior proceedings in this court may be briefly summarized as follows:

On April 8, 1954 indictment No. C. 144–59 was returned against defendant, charging him, in five substantive counts, with violation of the narcotic laws on March 4 and 5, 1954. He pled guilty to this indictment on May 5, 1954, and Judge Sugarman sentenced him to five years imprisonment on each count to run concurrently.

On April 12, 1956, while defendant was still confined under this sentence, a two-count indictment (No. C. 150–30) was returned charging him with unlawful transportation of stolen treasury bonds. He pled guilty to this indictment and was sentenced by Judge Ryan to a term of five years on each count to run concurrently. Execution of sentence was suspended and defendant was placed on probation for five years to commence upon his release from confinement under the prior sentence.

Defendant was conditionally released from confinement on the five year sentence on November 14, 1957. Prior to his release still another indictment (No. C. 154–86) was returned against him on October 23, 1957, charging him, together with 45 other defendants named, with a broad conspiracy to violate the narcotic laws, to defraud the United States of its right to have the Customs Service administered free from corruption, and to bribe employees of the Customs Service. Nineteen of the 46 defendants were tried before Judge Kaufman and eighteen of them were found guilty on March 18, 1958. Defendant Gelb pled guilty to this indictment on January 30, 1958 and on April 24, 1958 Judge Kaufman sentenced him to imprisonment for five years, and a committed fine of $10,000. The defendant is now serving this sentence to which his present motion is directed.

None of the contentions which the defendant makes have merit and they may be disposed of briefly as follows:

■ 1. Defendant contends that he was on probation pursuant to Judge Ryan's five years' suspended sentence on the stolen bond charge when Judge Kaufman sentenced him, and that Judge Kaufman was without power to sentence him to a prison term while he was on such probation. His argument seems to be that he had a right to remain on probation, which barred Judge Kaufman from imposing a prison sentence during that period, and that the prison sentence illegally overruled or voided Judge Ryan's sentence.

■ At the time of Judge Kaufman's sentence defendant was under conditional release from Judge Sugarman's sentence, and the probation period on Judge Ryan's sentence had not yet begun to run. But even had he then been on probation this conferred on him no immunity from prosecution and sentence for a separate criminal offense. A defendant on probation may be convicted and sentenced to imprisonment for a separate and different offense while he is on probation. The prison sentence merely interrupts his probation and tolls the probationary period. See United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957, certiorari denied 302 U.S. 683, 58 S.Ct. 31, 82 L.Ed. 527, rehearing denied 302 U.S. 775, 58 S.Ct. 135, 82 L.Ed. 600; McGuire v. Warden United States Penitentiary, D.C.W.D.Pa., 122 F.Supp. 699. Cf. United States v. Tacoma, 2 Cir., 199 F.2d 482.

2. Judge Kaufman did not, as defendant contends, find him guilty of violation of the probation granted by Judge Ryan. Nor did Judge Kaufman revoke the probation nor attempt to modify or alter Judge Ryan's sentence in any way. Defendant was sentenced on a plea of guilty to an entirely separate conspiracy which was unrelated to the offense for which Judge Ryan sentenced him. Judge Kaufman had full power to impose such a sentence.

■ 3. The fact that the crime for which Judge Kaufman sentenced the defendant was committed prior to his sentence by Judge Ryan is of no consequence. Prior crimes committed by the defendant were not merged in the probationary term, nor did Judge Ryan's sentence bar any prosecution for them thereafter. There was no requirement on the Government to disclose to Judge Ryan any pending investigations against the defendant which might ultimately result in an indictment. Its failure to do so, if such an investigation were pending, did not affect in any way its right to obtain the later indictment.

■ 4. Defendant seems to contend that his indictment on the conspiracy charge placed him in double jeopardy in view of his previous plea of guilty before Judge Sugarman to the indictment on substantive narcotic counts. It is too well settled to require discussion that conspiracy and substantive charges are entirely separate and distinct crimes and that the conviction on a substantive offense does not bar a subsequent conviction for a conspiracy. Separate penalties may be imposed for each crime. See Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; United States v. Landi, 2 Cir., 240 F.2d 238.

■ The fact that one or two of the overt acts charged in the conspiracy may have been the same as the acts charged to constitute the substantive offenses in no way alters this. Moreover, the conspiracy indictment charged a widespread conspiracy of international scope among some 46 persons extending over a period of several years and enumerated some 80 overt acts in pursuance of the conspiracy. The objectives of the conspiracy were not only to violate the narcotic laws but also to corrupt United States Customs officials. The conspiracy went far beyond the limited substantive crimes charged in the indictment on which Judge Sugarman sentenced the defendant.

■ 5. The defendant may not now avail himself of the defense of the statute of limitations since he failed to raise it prior to his plea of guilty as required by Rule 12(b) (2), F.R.Crim.P.

■ 6. In any event the prosecution would not have been barred by the statute even had such a defense been raised.

Defendant claims that his participation in the conspiracy ended on March 5, 1954 when he was arrested for the substantive offenses, and that his subsequent indictment on October 23, 1957 was therefore barred by the three year statute of limitations contained in 18 U.S.C. § 3282. However, this section was amended on September 1, 1954 by extending the period of limitation from three to five years. The new period is effective not only with respect to offenses committed on or after the date of enactment but also as to offenses "committed prior to such date, if on such date prosecution therefor is not barred by provisions of law in effect prior to such date". The five year period applied to the conspiracy prosecution against defendant, not the three year period as he claims. See United States v. Reina, 2 Cir., 242 F. 2d 302, 305.

■ Moreover, the defendant pled guilty to the entire conspiracy charge which includes overt acts committed as late as September 17, 1955. Since by his plea he admitted his participation in the conspiracy he is liable for all the overt acts of his co-conspirators whether he participated in them or not. Even had the applicable statute been three years it would not have barred prosecution on this conspiracy charge.

■ 7. The defendant also makes some rather obscure contentions that

prosecution on the conspiracy indictment was barred by laches of the Government in failing to obtain the indictment for several years after the indictment on the substantive counts was handed down. The defendant has cited no authority to support this wholly untenable proposition and I know of no doctrine of laches which would aid him.

Defendant has shown no reason why he should be permitted to withdraw his plea of guilty. Nor are there any grounds for a hearing in this case as the defendant requests. The petition raises no issues of fact which require determination.

Defendant's motion is in all respects denied.