**UNITED STATES of America**

v.

**Elmer GERSON.**

**Crim. No. 11081.**

United States District Court
E. D. Tennessee, S. D.
April 11, 1961.

John C. Crawford, Jr., Knoxville, Tenn., for the United States.

Josiah Baker, Sizer Chambliss, Chattanooga, Tenn., for defendant.

DARR, District Judge.

Prior to July 9, 1958, the defendant Elmer Gerson admitted to have passed a number of worthless checks from Jacksonville, Miami and Tampa, Florida, Atlanta, Georgia, Mobile, Alabama, and Chattanooga, Tennessee. He was apprehended in this district. He also was alleged to be under probation from the District Court for the Western District of Pennsylvania.

The defendant requested to waive indictment and proceed upon information as to the local violations, and sought and secured the same action on the Florida violations under Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C. In each of the informations he was charged in four counts, making eight violations of § 2314, Title 18 U.S.C. Also jurisdiction under his probation sentence was properly transferred from the Western District of Pennsylvania.

He appeared before the Court and plead guilty to all the counts in the informations and admitted violation of his probation. Upon each information he was sentenced to two (2) years and the probation revoked and a sentence of one (1) year given on that violation, making a total of a five (5) year sentence.

On February 13, 1961, he wrote a letter to the Judge, setting out in effect that the sentence on his probation violation was illegal because imposed after the termination of the probation and not for any violation committed during the probation period. This letter was treated as a motion under § 2255, Title 28 U.S.C. The Court appointed Mr. Sizer Chambliss, an attorney of this Bar, to represent the defendant and Mr. Chambliss gathered information and cited authorities.

The basis of the revocation of probation is set out in the judgment and commitment to be " * * * the defendant having been placed on probation for a period of three years on January 14, 1955, and on June 6, 1955 defendant was committed to the Ohio State Penitentiary for an offense which occurred prior to federal probation and was released August 15, 1957 and probation activated. During state incarceration his probation was tolled, which changed his federal probation expiration date to April 2, 1960, and said probation sentence having this day been vacated and set aside."

The question is whether the time spent by the defendant in the Ohio State Penitentiary is a part of his probation period.

The prime purpose of the probation law is rehabilitation of offenders without having to place them in prison, or as included in the Act, " * * * to aid probationers and to bring about improvements in their conduct and condition." The Probation Act clearly contemplates that the probationer, during the probation period, will be within the jurisdiction of the Court that retains control over him and be available to probation officers for the performance of their duties, as contained in § 3655, Title 18 U.S.C.

If a probationer, voluntarily or because of his wrongdoing, is not available to be under the control of the Court and the supervision of the probation officer, the probation period is not running. So, a probationer, by his own wrongdoing, either before or after his probation, serves a term in a state prison, the time he is in the state prison is not a part of his probation period. The directives of the Act itself cannot be performed while he is incarcerated. The time of his state incarceration may be called a tolling of his probation period or a suspension of his probation period, but it is actually no part of the probation period.

If this view is not correct, an offender upon whom a sentence was imposed and suspended and placed on probation for a term could immediately go to a foreign country, where he could not be extradited, stay for five years and come home a free man.

Probation is conferred as a privilege and cannot be demanded as a right. It is a matter of favor, not of contract. The wrongdoing of a probationer making it impossible for the provisions of the Act to be performed for a period of time, such time under such conditions is not a part of the probation period.

The following are cited as cases giving some light on the question: U. S. ex rel. Demarois v. Farrel, 8 Cir., 87 F.2d 957, motion denied 302 U.S. 683, 58 S.Ct. 31, 82 L.Ed. 527, rehearing denied 302 U.S. 775, 58 S.Ct. 135, 82 L.Ed. 600; McGuire

v. Warden of U. S. Penitentiary, Atlanta, Ga., D.C., 122 F.Supp. 699; United States v. Edminston, D.C., 69 F.Supp. 382; Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266.

The revocation of the probation in this case and the sentence following were legal and the defendant's motion is denied.