**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Elmer GERSON, Defendant-Appellant.**
**No. 14675.**

United States Court of Appeals
Sixth Circuit.

May 11, 1962.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff-appellee.

Sizer Chambliss, Chattanooga, Tenn., for defendant-appellant.

Before MILLER, Chief Judge, and CECIL and WEICK, Circuit Judges.

PER CURIAM.

On January 14, 1955, in the United States District Court for the Western District of Pennsylvania, the appellant, Elmer Gerson, pleaded guilty to the offense of transporting a falsely made security in interstate commerce and was placed on probation for a period of three years.

On June 6, 1955, he was committed to the Ohio State Penitentiary for an offense committed prior to January 14, 1955. On August 15, 1957, he was released from the Ohio State Penitentiary.

Following his release from the state penitentiary, appellant went to Miami, Florida, where he reported monthly to the Probation Officer commencing in September 1957 and continuing until he left Miami.

Appellant was proceeded against in the United States District Court for the Southern District of Florida and in the United States District Court for the Eastern District of Tennessee for transportation in April and May 1958 of falsely made securities in interstate commerce, in violation of Section 2314, Title 18, United States Code. He was apprehended in the Eastern District of Tennessee. The pending proceedings in Florida were transferred to the Eastern District of Tennessee under the provisions of Rule 20, Rules of Criminal Procedure, Title 18 U.S.C. Jurisdiction under his probated sentence was properly transferred from the Western District of Pennsylvania to the Eastern District of Tennessee.

Acting upon appellant's plea of guilty, the District Judge in the Eastern District of Tennessee entered a judgment on July 9, 1958, which recited the three years probation received on January 14, 1955, in the Western District of Pennsylvania, appellant's commitment in the Ohio State Penitentiary on June 6, 1955, and his release therefrom on August 15, 1957, and after stating, "During his state incarceration his probation was tolled, which changed his federal probation expiration date to April 2, 1960, and said probation sentence having this day been vacated and set aside, * * * " committed the appellant to the custody of the Attorney General for one year, to begin at the expiration of the sentence at that time imposed in the other action in which the 1958 offenses in Florida and Tennessee were prosecuted.

On February 13, 1961, appellant wrote a letter to the District Judge contending that his sentence on his probation violation was illegal because it was imposed after the termination of the three-year probation and not for any violation committed during the probation period. This letter was treated as a motion to vacate the judgment under Section 2255, Title 28, United States Code, and denied by the District Judge. This appeal followed.

The District Judge supported his ruling by an opinion setting forth his reasons and citing authorities. United States v. Gerson, D.C.W.D.Tenn., 192 F. Supp. 864. See also: Anderson v. Corall, 263 U.S. 193, 196–197, 44 S.Ct. 43, 68 L.Ed. 247; United States v. Gelb, 175 F.Supp. 267, 269, S.D.N.Y., affirmed 269 F.2d 675, C.A. 2, cert. denied 361 U.S. 822, 80 S.Ct. 66, 4 L.Ed.2d 66.

For the reasons stated by the District Judge and on the authorities referred to,

The judgment is affirmed.