UNITED STATES of America

v.

Michael PISANO and Ignatius Esposito.

Cr. No. 20435.

United States District Court
E. D. Pennsylvania.

May 4, 1967.

Joseph R. Ritchie, Jr., Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

G. Fred DiBona, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

Both petitioners, presently serving probationary sentences imposed by this Court on March 17, 1961, have presented requests that their sentences be vacated since they exceed the maximum length of probation permitted under 18 U.S.C.A. § 3651. Section 3651 reads, in relevant part, as follows:

"The period of probation, together with any extension thereof, shall not exceed five years."

Both received identical sentences on a six count indictment. They were sentenced to five years in prison on the first count, the imposition of sentence suspended, and then placed on five years' probation. A similar sentence was imposed on count two, the five year period of probation on this count to be consecutive with the initial five year period of probation imposed under count one. Sentences on the remaining four counts of the six count indictment were made concurrent with the sentence imposed on count two and did not extend the probationary period beyond the ten year possible maximum under the consecutive sentences imposed in counts one and two.

The government quite candidly concedes that the imposition[1] of the ten year probationary period under the two consecutive five year probationary sentences exceeds the authority granted the sentencing court by virtue of § 3651. Fox v. United States, 354 F.2d 752 (10th Cir. 1965). In both its answer to the petition and in its supporting brief, the government recommends that the probation of Michael Pisano be terminated.

However, in the matter of the sentences imposed on Ignatius Esposito, the government takes the position that although the second five year probationary period under count two should be vacated as exceeding the limits allowed by § 3651, the initial five year period of probation is still in full force, inasmuch as Esposito's service of that probationary period was tolled by the intervention of a five year period of federal imprisonment imposed by another federal judge.

On March 17, 1961, the date of the sentencing by this Court, both defendants were serving a sentence of eleven months' imprisonment imposed by Judge Thomas M. Madden, of the United States District Court for the District of New Jersey. The probationary sentences imposed by this Court were not to begin until the completion of that initial term of imprisonment. On June 5, 1961 (prior to the commencement of the probationary sentences imposed by this Court under count one of the indictment and subsequent to the actual imposition of sentences by this Court on March 17, 1961), Ignatius Esposito was sentenced by Judge Arthur S. Lane of the United States District Court for the District of New Jersey to a five year term of imprisonment for an offense committed *prior* to March 17, 1961.

The specific issue facing this Court for determination appears to be novel. The question is best framed in the following terms: Is a five year period of probation (the maximum allowed under § 3651), tolled during the imprisonment of the probationer during the period of probation for an offense committed *prior* to the imposition of the probationary sentence, when there is absent any indication of conduct, subsequent to the imposition of the probationary sentence, that would be considered tantamount to a breach of probation? The answer, in this Court's opinion, is no.

In support of its position urging tolling, the government argued that a contrary result would allow Esposito to escape the probationary sentence imposed by this Court. This danger is substantially minimized in the light of two factors. In all probability the sentencing court that places the defendant on probation has before it, in the exhaustive probationary report, a clear picture of prior offenses awaiting sentencing, especially when the prior offense is a two year old federal violation and the defendant is awaiting sentencing in a federal court within three months. The second factor is that (again, in all probability), the sentence imposed on June 5, 1961 took into ample consideration the sentence so recently imposed by this Court.

Petitioner Esposito has called this Court's attention to two decisions indirectly standing for the proposition that the period of federal probation can be concurrent with a federal prison sentence. Sanford v. King, 136 F.2d 106 (4th Cir. 1943), and Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L. Ed. 266 (1932). The *Sanford* decision is closely circumscribed by the issue facing that court—whether in the absence of express language to the contrary, the period of imprisonment and probation were to be concurrent. The holding was that in light of the language of the sentence, both were to be concurrent. The *Burns* case stands for the proposition that the district court did not abuse its discretion in revoking the probation of a prisoner who flagrantly abused his prison leave privileges. In *Burns,* the defendant had been sentenced on a three count indictment. He was given a one year term in jail on count one, fined $2,000.00 on count two and sentenced to five years on probation on count three, to begin immediately. Indirectly, by finding a violation of probation during the service of the prison term, the *Burns* and *Sanford* decisions indicate that prison and probation may be considered to run concurrently when such is the obvious intention of the sentencing judge at the time of the imposition of the probationary sentence. Neither decision discusses the possibility of tolling probation during the running of a jail term imposed by a different judge subsequent to the probation sentence, and consequently

are of doubtful utility in attempting resolution of the issue now facing this Court.

The government, in support of its position, places its primary reliance on two decisions: United States v. Gelb, 175 F.Supp. 267 (S.D.N.Y.1959), aff'd mem. 269 F.2d 675 (2nd Cir. 1959), cert. denied, 361 U.S. 822, 80 S.Ct. 66, 4 L.Ed.2d 66 (1959) and United States v. Gerson, 192 F.Supp. 864 (E.D.Tenn.1961), aff'd per curiam, 302 F.2d 430 (6th Cir.1962). In the *Gelb* case the district court was affirmed in its holding that " * * * a defendant on probation may be convicted and sentenced to imprisonment for a separate and different offense while he is on probation." The district court, in *Gelb,* continued: "The prison sentence merely interrupts his probation and tolls the probationary period." Id. 175 F. Supp. at 269, citing the authorities relied on in *Gerson.* In light of the holding in *Gelb,* the remark as to tolling is unnecessary dicta. Certainly no quarrel can be had with a decision that probation does not serve to insulate a probationer from being sentenced during his probation period for criminal conduct perpetrated during probation. The dicta as to tolling is of little value in advancing the basic issue then facing the *Gelb* court. The *Gerson* decision, however, is closely on point and merits further discussion.

In *Gerson,* on January 14, 1955, the federal district court placed the defendant on probation for three years. From June 6, 1955 to August 15, 1955, the defendant was imprisoned in the Ohio State Penitentiary for a state offense committed *prior* to his being placed on federal probation. In April and May of 1958 (beyond the original three year probation term), defendant Gerson committed another series of federal crimes. The district court found Gerson in violation of the January 14, 1955 probation, revoked that probation and sentenced Gerson to a one year prison term in a federal prison. Gerson challenged his imprisonment as a probation violator, urging that the three year probationary

period had expired. 192 F.Supp. 864 (E.D.Tenn.1961). In denying Gerson's petition, the district court stated:

"If a probationer, voluntarily or because of his wrongdoing, is not available to be under the control of the Court and the supervision of the probation officer, the probation period is not running. So, a probationer, by his own wrongdoing, *either before* or after his probation, serves a term in a state prison, the time he is in the state prison is not a part of his probation period." Id. at 865 [emphasis supplied].

The district court in Gerson cites four cases as " * * * giving some light on the question." Ibid. These are: United States ex rel. Demarois v. Farrell, 87 F. 2d 957 (8th Cir. 1937); United States v. Edminston, 69 F.Supp. 382 (W.D.La. 1947); McGuire v. Warden, United States Penitentiary, 122 F.Supp. 699 (W. D.Pa.1954); and Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932). The *Gerson* decision is an obvious extension of these authorities. The *Burns* case, discussed above, merely holds that it is not an abuse of the sentencing judge's discretion to revoke a probation running concurrent with a jail sentence for illegal conduct committed by the probationer while in prison. The *Farrell,* *Edminston* and *McGuire* decisions are more relevant. These three decisions present a common proposition: If probation is set for a given term and during that term the probationer is incarcerated in a state prison for a state crime committed *while he was on federal probation,* the running of the probationary term is tolled, so that upon release from state prison the probationer may be found to be a federal probation violator, even though his probation term would have otherwise expired by the time he was released from the state prison.

The proposition that a probationer who violates the terms of his probation *after* he has been placed on probation is unquestionably sound. This is because he will not be allowed to avoid the consequences of his open flouting of the very

terms of his probation, by spending the time in prison until the original probationary term expires. In such a context, tolling of probation serves the useful purpose of punishing the violator and deterring subsequent violations by any other would-be probation violator. Tolling in these circumstances serves to advance the basic tenets of the probationary system, since it encourages the probationer to conform his conduct to socially accepted norms. Any other result would be an anomoly. The less serious probation violator, who would be fined and not imprisoned by state authorities, could immediately be found in violation of federal probation, but the more serious offender, imprisoned by the state authorities, could avoid all federal probation consequences, unless the tolling device were employed by the federal courts.

The Esposito situation is factually distinct from the *Gerson* case. Any extension of the *Gerson* holding in the Esposito context would be totally unwarranted. In the light of the *Farrell, Edminston* and *McGuire* decisions, even the *Gerson* extension of these persuasive cases seems unnecessary, unless there is some unarticulated premise behind the *Gerson* result, such as an unawareness by the federal sentencing court of the then impending state prison term for an offense committed prior to the imposition of the federal probation. In any event, further discussion is unnecessary, inasmuch as there are two critical factual distinctions between the case at hand and the *Gerson* situation. The first is that there is not present in this case any indication of conduct, subsequent to the suspension of sentence and imposition of probation that can be read as equivalent to a probation violation. The second distinction is related. In *Gerson,* the probation violation occurred in 1958, which was slightly more than three years from the original imposition of the probation term by the sentencing court. The *Gerson* probation was handed down on January 14, 1955 and the sentence of revocation of probation for the violation was handed down on July 9, 1958. These events all transpired within the maximum limits of five years set down by § 3651. Esposito, on the other hand, was originally sentenced by this Court on March 17, 1961. The language of § 3651 is quite clear. "The period of probation, together with any extension thereof, shall not exceed five years." Absent a probation violation situation, this Court is reluctant to attempt to tamper with such a clear statutory mandate. If anything, it has become customary to strictly construe the language of the Probation Act, as was initially suggested in the landmark decision of United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1927).

■ In summary, because of the absence of any probation violation and because of the clear wording of § 3651, it is the opinion of this Court that the *Gerson* holding should not be extended to encompass the case at hand. Esposito's period of probation, properly imposed by this Court under count one of the indictment, has not been tolled and has already expired by its own terms. The subsequent terms of probation of both Pisano and Esposito imposed under the remaining counts of the indictment, intended to run consecutively with the initial term, are void. All currently pending sentences thus imposed by this Court are vacated.