496 So.2d 942 (1986)
John Allen WEEKS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-549.
District Court of Appeal of Florida, Second District.
October 29, 1986.
*943 James Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
SANDERLIN, Judge.
Appellant appeals the order revoking his probation and the sentence which followed. We affirm.
On January 30, 1978, appellant pleaded guilty to uttering a forged instrument. The trial court placed him on five years probation. Appellant's "rap sheet" indicated that there was a hold from North Carolina.
On October 28, 1980, an affidavit and warrant were filed, alleging that appellant had violated his probation by failing to file reports and by being arrested on North Carolina fugitive warrants.
At a March 17, 1983, hearing on the probation violations, appellant told the trial court that he had been returned to North Carolina, where he spent 30 months of his probation. Appellant also stated that the North Carolina charge for which he was sentenced occurred prior to the Florida charge for which he was then on probation. Without taking a plea, the trial court continued appellant on probation, but indicated that he was not to receive credit for the time he "absconded." The probation modification order, filed March 28, 1983, reflected that appellant's probation was continued, with "[n]o credit since absconding, new termination date to be determined by Probation Officer."
On April 4, 1984, another affidavit of probation violation was filed, alleging appellant changed his residence without permission and failed to remain at liberty without violating the law. A warrant alleging the violations was filed October 11, 1984.
At the probation revocation hearing on October 18, 1984, appellant admitted the violations. The trial court adjudicated him guilty of uttering a forged instrument and sentenced him to five years imprisonment, consecutive to any time he was serving. Appellant's counsel asked the trial judge why he was not following the guidelines. The trial judge stated that he was exceeding the guidelines because appellant committed a crime while on probation, appellant was an absconder since 1980, appellant committed a similar crime while on probation, and appellant's prior record. The trial judge directed the state to prepare an order embodying the above reasons for departure. Appellant pointed out to the trial judge that he did not abscond, but rather was in prison in North Carolina. Although the trial judge conceded that appellant was not an absconder, this reason was nevertheless *944 included in the written reasons for departure prepared by the state.
Appellant first contends that because the 1983 modification order was void, his original term of probation should have expired January 31, 1983, and as such, the trial court lacked jurisdiction in 1984 to revoke his probation. He argues that the modification order was void because (1) no evidence or plea was taken at the 1983 modification hearing and (2) the trial court illegally extended his probation term past the maximum statutory limit.
The arguments that appellant raises generally have merit. See Knapp v. State, 405 So.2d 786 (Fla. 4th DCA 1981); Swift v. State, 362 So.2d 723 (Fla. 2d DCA 1978). See also Bouie v. State, 360 So.2d 1142 (Fla. 2d DCA 1978). Nevertheless, we find that appellant's probation was extended, as a matter of law, for the time that he was in prison in North Carolina.
In Ware v. State, 474 So.2d 332 (Fla. 1st DCA 1985), our sister court held:
Although this appears to be a question of first impression in Florida, case law of other jurisdictions, as well as simple logic, indicates that where a probationer "absconds from supervision," the probationary period is tolled until he is once more placed under probationary supervision. [Footnote omitted.]
Id. at 334. While appellant did not abscond, as did the probationer in Ware, we find that same case law from other jurisdictions and "simple logic" apply to toll a probationary period where a probationer, while in prison in another jurisdiction, is not under probationary supervision here. See United States v. Gerson, 192 F. Supp. 864 (E.D. Tenn. 1961), aff'd. 302 F.2d 430 (6th Cir.1962); O'Shea v. State, 683 P.2d 286 (Alaska 1984); Gillespie v. State, 17 Wash. App. 363, 563 P.2d 1272 (1977). Accordingly, we hold that appellant's term of probation was tolled for the thirty months that he was in prison in North Carolina. As such, the current violations occurred during his term of probation; therefore, the trial court had jurisdiction to revoke his probation for these violations.
Appellant next contends that the trial court erred in sentencing appellant under the guidelines without an affirmative selection. We agree, but see no need for resentencing because, as appellant points out, the trial court imposed the maximum statutory sentence and this is not an offense over which the trial court could retain jurisdiction. Tillman v. State, 466 So.2d 20 (Fla. 2d DCA 1985). Further, we see no need to remand for clarification that this is not a guidelines sentence. See Johnson v. State, 486 So.2d 632 (Fla. 2d DCA 1986).
Accordingly, the trial court's revocation order and appellant's sentence are affirmed.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.