PER CURIAM.
We affirm the order denying Horton’s motion for writ of error coram nobis, post-conviction relief, and/or to correct sentence. We are unpersuaded by Horton’s argument that he is entitled to credit for time served against his probation sentence, imposed upon revocation of probation, for the period of time that elapsed before the probation violation charge was adjudicated. During that time, Horton was incarcerated on an unrelated conviction. Credit for time spent on probation begins on the date the probation order is entered, and ends on the date the probation violation has occurred, as determined by the court, or, if that date cannot be ascertained, on the date the affidavit of probation violation is filed. Francois v. State, 676 So.2d 1041, 1042 (Fla. 3d DCA), review granted, No. 88,540, 683 So.2d 483 (Fla.1996). Contra Fellman v. State, 673 So.2d 155 (Fla. 5th DCA 1996) (defendant entitled to credit from date of imposition of probation through date of probation revocation order); Hughes v. State, 667 So.2d 910 (Fla. 4th DCA)(same), review denied, 676 So.2d 413 (Fla.1996). Thus, Horton is not entitled to credit toward probation for time spent in jail on an unrelated charge, awaiting an adjudication of the probation violation charge. See Weeks v. State, 496 So.2d 942 (Fla. 2d DCA 1986) (probation tolled while defendant is prisoner in another jurisdiction as defendant was not under probationary supervision during that period).
Remaining points lack merit.
Affirmed.