PER CURIAM.
We have for review Horton v. State, 684 So.2d 257 (Fla. 3d DCA 1996), based on conflict with Francois v. State, 695 So.2d 695 (Fla.1997). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Larry Horton pled guilty to a lewd and lascivious act in violation of section 800.04, Florida Statutes (1985). At the sentencing hearing on March 27, 1986, the judge withheld adjudication and placed Horton on two years of community control to be followed by five years’ probation with the special condition of seventeen days in jail with credit for time served. On July 13, 1988, Horton was arrested in Broward County on an unrelated charge wherein he pled guilty to four counts of lewd and lascivious assault and was sentenced to fifteen years in prison. On July 15, 1988, an affidavit of violation of probation was filed in Monroe County alleging that Horton violated his probation by being arrested in the Broward County case and by having contact with a child under eighteen years of age without the consent of his probation officer. Horton was sent from the Broward County jail to the custody of the Florida Department of Corrections to serve his Broward County sentence without being transferred to Monroe County to resolve the *377 probation violation charges against him. On March 16,1995, Horton entered an admission to violation of probation and the judge revoked the probation. The judge adjudicated Horton guilty of the lewd and lascivious act on the original Monroe County case and placed him on community control for three months to be followed by ten years’ probation. The judge did not credit Horton with any previous time served on probation in this case. The trial court denied Horton’s motion for writ of error coram nobis, post-conviction relief, and correction of sentence.
On appeal, the Third District Court of Appeal affirmed the trial court’s sentence and held that Horton was not entitled to credit for time served for the period between the filing of the affidavit of violation of probation and the date of revocation because
[ejredit for time spent on probation begins on the date the probation order is entered, and ends on the date the probation violation has occurred, as determined by the court, or, if that date cannot be ascertained, on the date the affidavit of probation is filed.
Horton, 684 So.2d at 258. The district court relied on its decision in Francois v. State, 676 So.2d 1041, 1042 (Fla. 3d DCA 1996)(Francois I), which was pending on review in this Court at the time Horton was decided. We quashed Francois I and held that credit for time served on probation should be calculated from the date probation is imposed to the date of revocation. Francois v. State, 695 So.2d 695, 696 (Fla.1997)(Francois II).
Horton claims that his probation credit should be calculated from March 27, 1986, the date probation was imposed, to March 16, 1995, the date probation was revoked. He argues that he should be credited with serving more than nine years’ probation,[1] and that his new sentence of ten years’ probation and three years’ community control exceeds the statutory maximum of fifteen years for a second-degree felony. We disagree. Although the district court’s method of calculating time served on probation is incorrect pursuant to Francois II, the court correctly reasoned that
Horton is not entitled to credit toward probation for time spent in jail on an unrelated charge, awaiting an adjudication of the probation violation charge. See Weeks v. State, 496 So.2d 942 (Fla. 2d DCA 1986) (probation tolled while defendant is prisoner in another jurisdiction as defendant was not under probationary supervision during that period).
Horton, 684 So.2d at 258. Accordingly, we approve the district court’s decision and hold that Horton is not entitled to credit toward probation for time spent in jail on an unrelated, charge, awaiting an adjudication of the probation violation charge, but he is entitled to credit against his new probation sentence for the period of time served prior to his incarceration on the unrelated conviction.[2] It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.

. Horton claims he should be credited with the two years and approximately four months he served before the affidavit of violation was filed and the seven year interval, during which he was incarcerated on the unrelated charge, between July 15, 1988, when the affidavit of violation was filed and March 16, 1995, when his probation was revoked.

. In accordance with our decision in Francois II, 695 So.2d 695 (Fla.1997), we disapprove the district court’s method of calculating time spent on probation.