Hascal SCHNEIDER and Max Schneider, Appellants,

v.

Jerome F. DUGGAN, Trustee of the Estates of Christopher Engineering Company, Debtor, and National Aircraft Corporation, Subsidiary Debtor, Appellee.

No. 18194.

United States Court of Appeals
Eighth Circuit.

Aug. 17, 1966.

As Modified Aug. 19, 1966.

---

Victor Packman, St. Louis, Mo., for appellants. Joseph Chused and Samuel H. Liberman, II, of Kramer, Chused & Kramer, St. Louis, Mo., were with him on the brief.

Hyman G. Stein, St. Louis, Mo., for appellee, and filed brief.

Before VOGEL, Chief Judge, and MATTHES and MEHAFFY, Circuit Judges.

PER CURIAM.

The forerunner of this appeal is our decision in Magidson v. Duggan, 212 F.2d 748 (8th Cir. 1954), reversing the judgments appealed from with directions: "(1) to dismiss this case with prejudice, (2) to cause to be refunded to the State Court the entire fund taken from its custody, and (3) to permit no further interference by Duggan, Trustee, with the State Court proceeding to which the Schneiders and Magidson are parties."

It is tacitly conceded by Trustee, Duggan, appellee herein, and the district court recognized, that there has not been full compliance with that part of our mandate directing the refund to the state court of the entire fund taken from its custody.[1]

On April 26, 1965 the district court filed its order directing the Trustee to distribute pro rata the fund remaining in his possession after payment of court costs, to two lawyers, each of whom had been allowed a fee of $5,000.00, to the appellants, to whom there was a balance due and owing of $23,861.09, and to Julius Greenberg, holder of a claim for $9,000.-00. The order further required the Trustee to file a report within 30 days, and also provided that, upon compliance with the order, the Chapter X Bankruptcy proceeding would be dismissed and the Trustee discharged.

Pursuant to the April 26 order, the Trustee filed his report on May 26, 1965 which revealed that, out of the $18,315.73 remaining after payment of costs and ex-

1. See Briggs v. Pennsylvania R. Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948) ; Poletti v. C. I. R., 351 F.2d 345 (8th Cir. 1965) ; Paull v. Archer-Daniels-Midland Co., 313 F.2d 612 (8th Cir. 1963), for the general rule that an inferior court lacks authority to deviate from the mandate issued by an appellate court.

penses, he had distributed $10,196.50 to appellants as their pro rata share. On June 10, 1965 the court entered its order, (1) dismissing the Chapter X proceeding and (2) decreeing "that Jerome F. Duggan, Trustee, and his sureties be and the same are hereby discharged."

Appellants filed a timely motion to vacate and amend the order of June 10, and upon the denial of the motion, perfected their appeal from the order of June 10.

First, it should be stated that appellants raise no objection to the order of dismissal of the reorganization proceeding; in fact they tacitly approve of such action. We pause to commend the district court in finally terminating, by dismissal, the protracted litigation. The late Judge Sanborn suggested in clear and understandable language in our 1954 opinion that the proceeding for reorganization of both debtors should be terminated, and, if necessary, on the court's own motion, 212 F.2d at 760.

Appellants do, however, challenge the propriety of the court's action in discharging the Trustee and the sureties named in his two performance bonds which had been filed in accordance with the provisions of § 50(b) of the Bankruptcy Act. 11 U.S.C.A. § 78(b) (1938). Appellants contend that the discharge is premature in that there has not been full compliance with the mandate issued in Magidson v. Duggan, supra, and that such discharge prejudices their right to proceed on the bonds for the purpose of recovering the balance due on their claim.

█ Commendable as the court's action may be in its apparent effort to effectuate a full and complete termination of all phases of the reorganization proceeding, we nevertheless conclude after pondering all aspects of the question presented that the order discharging the Trustee and his sureties must be vacated. Whether, as contended by the appellee, appellants are foreclosed from recovering the balance due on their claim because of their acts and conduct throughout the Chapter X proceeding subsequent to the filing of our mandate in *Magidson,* supra, or because of appellants' acceptance of their pro rata share of the final payment, or whether there are other legal obstacles to appellants' right to recover any additional amount from the Trustee, are questions which we need not and do not resolve in this appeal. All we decide is that if appellants have in fact been aggrieved by the asserted failure of the Trustee to comply with the order of this court or otherwise faithfully perform his official duties as required by law, they should be entitled to the unfettered right to proceed against the Trustee and his sureties in accordance with the provisions of § 50(h) or (n) of the Bankruptcy Act, 11 U.S. C.A. § 78(h), (n) (1938).

The order of the district court entered on June 10, 1965, is modified to provide that Jerome F. Duggan, Trustee, is discharged as of June 10, 1965. That part of the order providing for the discharge of the sureties is stricken.

The discharge of the Trustee shall not constitute a discharge or release of his sureties, and shall not impair the right of appellants to proceed on the Trustee's bonds in accordance with the pertinent provisions of Title 11, U.S.C.A. § 78.

In all other respects the district court's order of June 10, 1965, is affirmed.

We have considered appellee's motion to dismiss the appeal, and find it lacking in sufficient merit to warrant dismissal. Accordingly the motion is denied.