**UNITED STATES of America, Appellee,**

v.

**Jeffrey R. MacDONALD, Appellant.**

**Nos. 75–1870, 75–1871.**

United States Court of Appeals,
Fourth Circuit.

Submitted Oct. 12, 1978.

Decided Oct. 27, 1978.

**1212**

George M. Anderson, U. S. Atty., N. C., James L. Blackburn, Chief Asst. U. S. Atty., Raleigh, Brian M. Murtagh, Atty., U. S. Dept. of Justice, Washington, D. C., for appellee.

Kenneth A. Letzler, Washington, D. C., Daniel H. Benson, Bernard L. Segal, San Francisco, Cal., Michael J. Malley, Washington, D. C., Orrin Leigh Grover, III, San Francisco, Cal., for appellant.

Before HAYNSWORTH, Chief Judge, and BUTZNER and RUSSELL, Circuit Judges.

BUTZNER, Circuit Judge:

In *United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), the Supreme Court held that a defendant may not obtain interlocutory appellate review of an order denying his pretrial motion to dismiss an indictment because of alleged infringement of his sixth amendment right to speedy trial.* On remand, we granted Jeffrey R. MacDonald's motion for supplemental briefing on the issue of double jeopardy.

We conclude that the proceeding against MacDonald under Article 32, U.S.C.M.J., 10 U.S.C. § 832, and the commanding officer's review were investigative. Although this investigation culminated in the acceptance of a recommendation that charges against MacDonald be dismissed because they were "not true," the proceeding did not adjudicate his guilt or innocence. *Calley v. Callaway*, 519 F.2d 184, 215 n.54 (5th Cir. 1975); *United States v. Moffett*, 10 U.S.C.M.A. 169, 27 C.M.R. 243 (1959); *United States v. Zagar*, 5 U.S.C.M.A. 410, 416–17, 18 C.M.R. 34, 40–41 (1955).

Since MacDonald was not put to trial before a military tribunal authorized to convict or acquit him, jeopardy never attached. *Serfass v. United States*, 420 U.S. 377, 387–89, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). Consequently, the fifth amendment's guarantee against double jeopardy does not bar subsequent prosecution in a federal district court. *See Crist v. Bretz*, 437 U.S. 28, 32, 98 S.Ct. 2156, 2159, 57 L.Ed.2d 24 (1978). Furthermore, because no final judgment of a tribunal having jurisdiction to try MacDonald has determined an issue of ultimate fact, the prosecution pending in the district court is not barred by the fifth amendment's embodiment of collateral estoppel. *See Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The absence of such a judgment distinguishes this case from *United States v. Oppenheimer*, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916) and *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), on which MacDonald primarily relies.

---

* The Court reversed *United States v. MacDonald*, 531 F.2d 196 (4th Cir. 1976). The facts and issues are set forth sufficiently in both opinions.

The order denying MacDonald's plea of double jeopardy is affirmed, and this case is remanded to the district court for further proceedings.