UNITED STATES of America, Appellee,

v.

**Perlie Donald WORKMAN, Appellant.**

**No. 79–5118.**

United States Court of Appeals,
Fourth Circuit.

Submitted Nov. 9, 1979.
Decided March 10, 1980.

ant than the filing of an action against him in a distant jurisdiction, e. g. Hawaii or Alaska.

Joe K. Byrd, Sam J. Ervin, Jr., Morganton, N. C., on brief, for appellant.

Harold M. Edwards, U. S. Atty., Susan S. Craven, Asst. U. S. Atty., Asheville, N. C., on brief, for appellee.

Before WINTER, RUSSELL and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge:

Appellant, Perlie Donald Workman, was sentenced on a guilty plea to five years imprisonment in May 1973 for possession of non-tax-paid whiskey and an unregistered distillery. The district court suspended the sentence and placed Workman on probation for five years on the condition, among others, that he not violate the laws of the United States or North Carolina and that he pay in installments a fine of $4,000.00.

Some two and one-half years later, the local county sheriff found and destroyed an illegal distillery in the basement of Workman's home and four months later his probation officer found another illegal distillery in the basement of a storage building located on Workman's property. These searches were both conducted without a search warrant.

After complaint and hearing, the district court revoked Workman's probation on June 20, 1977. The court reduced the original sentence to two years, ordered him to serve that term and remitted the unpaid portion of the fine ($1,995.00). Since the trial court impermissibly considered evidence produced by the two warrantless searches, this court vacated the district court's revocation order. *United States v. Workman*, 585 F.2d 1205 (4th Cir. 1978).

We rendered our decision on September 21, 1978.

At the district court hearing on remand (April 6, 1979), there was no further evidence introduced. The district court ordered probation reinstated. At that time more than five years had elapsed since Workman was placed on five years probation. The district court ruled, however, that the probationary period was tolled between the date of its revocation order and our decision vacating the revocation order—a period of eleven months and ten days. It reasoned that this period could not be counted against the five year probationary period, because "the defendant was not under probation at that time, he was not supervised by any officer of this Court and was not incarcerated." It placed him under continued probation for eleven months and ten days from the date of this Court's decision (September 21, 1978). He was also ordered to pay the balance of the previously remitted fine ($1,995.00).

Workman, in appealing this order, argues first that his probation had expired at the time of the remand hearing, and second that since the fine was a condition of probation the court was without power to reinstate the balance of the fine. We agree with the first contention but disagree with the second.

Workman's first contention is grounded on 18 U.S.C. § 3651 [1] which limits the period of federal probation, together with any extensions thereof, to a maximum of five years. Since more than five years had elapsed by the time of the district court's reimposition of probation in 1979, and since he had continuously resided within the jurisdiction of the district court during his probationary period beginning in 1973, the district court, he argues, was without power

and jurisdiction to reimpose probation. He maintains he committed no wrongful act and is not responsible for the hiatus in the five-year period.

The government, on the other hand, argues that the district court's order revoking probation tolled the running of the probationary period, at least until that order was vacated by this Court in September, 1978.

■ Federal trial courts are empowered by 18 U.S.C. § 3651 to suspend a sentence of imprisonment and to place a defendant on probation. This Congressional authority is the sole power by which federal trial courts take such action for they have no inherent power to do so. *Ex parte United States*, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916); *United States v. Ellenbogen*, 390 F.2d 537 (2nd Cir. 1968). The length of the probationary term is within the sole discretion of the trial court, subject only to the stated five-year maximum period. *United States v. Nunez*, 573 F.2d 769 (2nd Cir.), *cert. denied*, 436 U.S. 930, 98 S.Ct. 2828, 56 L.Ed.2d 774 (1978); and the probationary term may be extended limited only by the five-year period. *See*, e. g. *Skipworth v. United States*, 508 F.2d 598 (3rd Cir. 1975).

There is no question here but that the trial court correctly fixed probation after the original sentence in 1973. Since there was no attempt to extend probation under the authority of Section 3651, the first issue in this case is limited to the correct determination of the time included in the five-year period. Did Workman's probation continue after the attempted revocation and through the appellate decision thus completing the five-year period or was the probationary period tolled during the pendency of the appeal?

1. As pertinent here § 3651 provided:

"Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment any court . . . may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best. . . .

The court may revoke or modify any condition of probation, or may change the period of probation.

The period of probation, together with any extension thereof, shall not exceed five years. While on probation and among the conditions thereof, the defendant—

May be required to pay a fine in one or several sums; and . . ." 18 U.S.C. § 3651.

■ The calculation of the five-year limitation period has been the subject of considerable litigation. The unifying principle implicit in the resulting decisions is that a probationer can not obtain credit against the five-year period for any period of time during which he was not, in fact, under probationary supervision by virtue of his own wrongful act. The focus has been on whether the probationer's wrongful act resulted in the termination of probationary supervision, rather than on a simple, mathematical computation of five years from the date the probationary term began. Consequently, in computing the five year period courts have excluded the time period during which a probationer is imprisoned on an unrelated offense, e. g., *United States v. Gerson*, 302 F.2d 430 (6th Cir. 1962) (intervening state confinement); *United States v. Gelb*, 175 F.Supp. 267 (S.D.N.Y.), *aff'd*, 269 F.2d 675 (2nd Cir.), *cert. denied*, 361 U.S. 822, 80 S.Ct. 66, 4 L.Ed.2d 66 (1959) (intervening federal confinement); is in jail for another offense and for a violation of probation, e. g., *United States v. Lancer*, 508 F.2d 719 (3rd Cir. 1975); or is outside the jurisdiction of the court voluntarily and not under the supervision of a probation officer. *United States v. Green*, 429 F.Supp. 1036 (W.D.Tex. 1977). Although analogous the instant case does not with precision fit this precedential pattern.

■ Workman can not be held responsible for the eleven month and ten day gap in the period during which he was not serving probation. The probation officer initiated the action in the district court resulting in the void revocation of probation. To state the obvious, the attempted interruption of his probation by revocation was not a voluntary act on his part, nor may the alleged acts on his part leading to the interruption be considered wrongful in the eyes of the law. It is apparently true that had evidence of such alleged acts been properly obtained there may have been grounds for legally revoking the defendant's probation. The revocation actions taken, however, were based on unconstitutionally obtained evidence. Since no additional evidence was introduced on remand, there effectively was no evidence of a probation violation. The unconstitutional aspects of the revocation hearing emphasize the involuntary nature of any withdrawal of probation supervision. Courts cannot extend probationary power beyond that granted by Congress by invoking a constitutionally void revocation proceeding. Where, as here, a defendant is successful in appealing a revocation action based on the infringement of his constitutional rights, the probation expiration time is not tolled pending appeal.

That portion of the district court's order reinstating the fine, however, is valid. In *Workman, supra*, we vacated the order of the district court revoking probation and cancelling the fine because unconstitutionally seized evidence had been improperly utilized. We remanded for consideration of the revocation issue. The posture on remand for further consideration is that "the case goes back to the trial court for a new determination of the issues presented as though they had not been determined before, pursuant to the legal principles enunciated in the appellate court's opinion, which must be taken as the law of the case." (Citations omitted) *Poletti v. C. I. R.*, 351 F.2d 345, 347 (8th Cir. 1965).

■ The case *sub judice* on remand was in exactly the same posture as when the trial court initially considered revocation. After remand the court conducted the hearing of April, 1979. The original probation order was then in effect. No evidence was introduced indicating a violation of any conditions of probation. The original probation order, then, totally controlled. The five-year probation time had run but the fine had been only partially paid. The balance is now due. It goes without saying that any enforcement proceedings relating to the fine are controlled by 18 U.S.C. § 3565 which authorizes, if necessary, execution against the property of the defendant. Since the five-year probationary period has expired, probation can not be revoked in connection with any such enforcement measures.

The order of the district court is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

*AFFIRMED IN PART, REVERSED IN PART.*

WINTER, Circuit Judge, concurring and dissenting:

I think that the district court was correct in ruling that "the time from the date of [the district court's] judgment of June 20, 1977 and the date of the decision of the Court of Appeals, September 21, 1978 would not be counted against the five-year probationary period because the defendant was not under probation at that time . . ." As a consequence, I think that under 18 U.S.C. § 3651, the district court had authority to modify defendant's probation. I respectfully dissent from the contrary holding.

In agreement with the majority (albeit for a different reason), I think that the district court had authority to reinstate the fine.

## I.

Workman was initially placed on probation on a number of special and general conditions.[1] When his probation was revoked by the district court and he pursued his successful appeal to us,[2] those conditions were superseded by a jail sentence; but service of the sentence was stayed, pending appeal. The sole condition of the stay was the posting of a bond for $15,000 secured by a pledge of Workman's property. Manifestly, this was less onerous than compliance with the special and general conditions of probation previously imposed.

The issue in this case is the meaning of the sentence in § 3651 that "[t]he period of probation . . . shall not exceed five years." At the outset, I find some significance in the fact that the temporal limitation in § 3651 is not related to the date on which a defendant is placed on probation, but is related to the "period" of probation. I think, therefore, that in computing the period of probation, we should look to the time that the conditions of probation were in effect, rather than the date on which probation was imposed. In this case, the conditions were not in effect from June 20, 1977 to September 21, 1978, so that I would not treat the passage of time between those dates as part of "the period of probation."

I disagree that in computing the probationary period there should be excluded only those periods during which a convicted defendant was removed from probation by reason of his own wrongful acts. The purpose of probation is, by the use of supervision and restrictions other than incarceration, to encourage the probationer to conform his conduct to socially accepted norms. Therefore I think that only the period during which the restrictions were applicable

---

1.  The special conditions were:

     1. Remain gainfully employed when physically able to do so and support his dependents.
     2. Pay fine of $4,000.00. Fine is in lieu of any taxes assessed or to be assessed in this violation.
     3. That he not possess, manufacture, sell or buy any non-tax paid whiskey during probation.
     4. That he not violate any of the laws of the United States or North Carolina.

     The general conditions were:

     1. You shall refrain from violation of any law (federal, state and local). You shall get in touch immediately with your probation officer if arrested or questioned by a law enforcement officer.
     2. You shall associate only with law-abiding persons and maintain reasonable hours.

     3. You shall work regularly at a lawful occupation and support your legal dependents, if any, to the best of your ability. When out of work you shall notify your probation officer at once. You shall consult him prior to job changes.
     4. You shall not leave the judicial district without permission of the probation officer.
     5. You shall notify your probation officer immediately of any change in your place of residence.
     6. You shall follow the probation officer's instructions.
     7. You shall report to the probation officer as directed.

2.  *United States v. Workman*, 585 F.2d 1205 (4 Cir. 1978).

should be counted as part of the maximum "period of probation," unless the probationer can show that they were rendered inapplicable by the capricious and arbitrary act of another, or unless they were supplanted by more rigorous conditions such as confinement as a result of the imposition of another sentence. *See United States v. Pisano*, 266 F.Supp. 913 (E.D.Pa.1967).

Of course, the equitable principle that a probationer cannot obtain credit against the maximum period of probation for any period of time that he was removed from probationary supervision by his own wrongful acts is frequently invoked. The cases in which it is invoked are all ones in which the probationer in fact removed himself from supervision by his own wrongful act. Where the majority, in my view, goes astray is reading these cases to hold that *only* where the probationer removed himself from supervision by his own wrongful act may a period of time be excluded from the maximum period of probation. This I do not conceive to be the law.

Support for this view is found in Rule 38(a)(4), F.R.Crim.P. That rule deals with the situation when a convicted defendant is placed on probation but nevertheless appeals. The rule permits the district court to stay an order placing a defendant on probation if he appeals. Certainly the authority to extend the beginning of probation is inconsistent with a reading of the statute that the five year limitation must always be computed from the date on which probation was imposed except for wrongful conduct on the part of the probationer. Significantly, also, in connection with the rationale articulated by the majority, the application for a stay pending appeal could hardly be deemed a "wrongful" act on the part of the defendant seeking the stay.

While it is true that Workman was not removed from probation for reasons bearing a close analogy to the usual "wrongful act" cases, I cannot treat him as totally blameless. The revocation of his parole was upset in the previous appeal because two illegal stills were discovered without compliance with the fourth amendment, and we concluded that the exclusionary rule should be extended to parole revocation hearings. The revocation of Workman's probation was not reversed because he was exonerated. Indeed, for a convicted bootlegger, the presence of an unlicensed still in his cellar and another in a separate building on his property shows that the probation officer did not act without factual basis in seeking revocation of probation. Since our decision was the first to apply the exclusionary rule to parole revocation hearings,[3] there is no basis on which to doubt the bona fides of the probation officer seeking revocation. Thus, I have no fear that undue advantage was sought to be taken of Workman. In short, I cannot subscribe to the characterization that this is a case in which the district court sought to extend its probationary power by invoking a constitutionally void revocation proceeding, or that the probation expiration time is never tolled pending appeal when the probationer is successful in overturning revocation of his probation on appeal.

Finally, I think that this case was decided *sub silentio* in the previous appeal. In reversing the order revoking Workman's probation, we returned the case to the district court for a determination of whether Workman's probation should be continued or revoked without reliance on unconstitutionally seized evidence. 585 F.2d 1211. That decision was rendered September 21, 1978 and rehearing was denied on December 4, 1978. Thus, our mandate did not issue until approximately seven months after the expiration of five years from the date that Workman was placed on probation. The district court was faithful to our direction.

## II.

Since I conclude that the maximum period of probation had not expired when the district court ordered Workman to pay the

---

3. Indeed, we recognized that our decision was contrary to the then decided cases. *See* 585 F.2d 1208, n.4.

balance of his fine, I think that under § 3651, the district court had authority to enter the order irrespective of *Poletti v. C. I. R.*, 351 F.2d 345 (8 Cir. 1965).