**William O'SHEA, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7257.**

Court of Appeals of Alaska.

June 15, 1984.

---

Jeffrey F. Sauer, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

William O'Shea appeals from an order revoking his probation and imposing a previously suspended seven-year sentence. O'Shea contends that the superior court lacked authority to reimpose the suspended sentence because his probation had expired.

O'Shea originally pled guilty in September of 1976 to two counts of forgery. Former AS 11.25.020. In February of 1977, Superior Court Judge James A. Hanson sentenced O'Shea to seven years' imprisonment, all of which was suspended. As a condition of the suspended sentence, O'Shea was required to complete five years' probation. His probation was scheduled to expire on February 24, 1982.

Approximately six months later, in September of 1977, the state filed a petition to revoke O'Shea's probation, which alleged that he had left a drug rehabilitation program without permission and that his whereabouts were unknown. In February of 1978, O'Shea was convicted in Oregon for felony theft and sentenced to five years' imprisonment. O'Shea was subsequently released on parole in Oregon; during 1979 and 1980 his Oregon parole was revoked at least twice for reasons that are not clear from the record. In April of 1981, O'Shea was again paroled in Oregon and he returned to Alaska. Following O'Shea's return, the Alaska petition to revoke his probation, which had been outstanding since September of 1977, was amended to include an allegation that he had violated the conditions of his probation by committing theft in Oregon.

On June 23, 1981, O'Shea appeared before Judge Hanson for a probation revocation hearing. Based on the violations alleged in the petition, Judge Hanson extended O'Shea's probation for a two-year period, until February 24, 1984.

Eight months later, in February of 1982, O'Shea again left Alaska without permission and returned to Oregon. A new petition to revoke probation was filed. The following month, O'Shea was convicted of

misdemeanor theft in Oregon. After serving his sentence in Oregon, he returned to Alaska. The Alaska petition to revoke O'Shea's probation was amended in May of 1982 to include the misdemeanor theft conviction. O'Shea then filed a motion to dismiss the amended petition, contending that the petition charged him with violations that occurred after his probation had legally expired. O'Shea argued that the court had had no authority to extend his probation from February of 1982 to February of 1984.

At a probation revocation hearing in June of 1982, Judge Hanson denied O'Shea's motion to dismiss the petition. Judge Hanson found that the petition alleged a violation that had occurred during O'Shea's original term of probation. The judge also found that, because O'Shea had agreed to the two-year extension of probation in June of 1981, he was barred from claiming that his probation had expired. After Judge Hanson denied O'Shea's motion to dismiss, O'Shea entered admissions to the allegations in the amended petition. In September of 1982, over O'Shea's continuing objection, Judge Hanson revoked O'Shea's probation and sentenced him to serve seven years in prison with two years suspended.

On appeal, O'Shea contends that, under AS 12.55.090(c), the maximum period of probation he could be required to serve was five years. He thus claims that his probation expired on February 24, 1982, five years after his original sentencing date. O'Shea maintains that the superior court lacked jurisdiction to extend his original probation by two years because of the five-year limitation. Accordingly, O'Shea argues that the court lacked jurisdiction to revoke his probation.

AS 12.55.090 states:

*Granting of probation.* (a) Probation may be granted whether the crime is punishable by fine or imprisonment or both. If a crime is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentencing and judgment.

(b) The court may revoke or modify any condition of probation, or may change the period of probation.

(c) *The period of probation, together with any extension, shall not exceed five years.* [Emphasis added.]

■ The state concedes that under AS 12.55.090(c), O'Shea could not properly be subjected to a total term of probation exceeding five years. The state's concession appears to be well-founded. *See, e.g., Gonzales v. State,* 608 P.2d 23, 26 (Alaska 1980) (holding that AS 12.55.090(c) precluded consecutive imposition of probationary terms exceeding five years for two related offenses). We therefore accept the concession and hold that, regardless of O'Shea's consent, the superior court could not properly require more than five years of probation.

■ Our acceptance of the state's concession does not mean that Judge Hanson lacked authority to extend O'Shea's probation or that O'Shea's original five-year term of probation expired on February 24, 1982. The state argues that O'Shea's unauthorized absence from probation tolled the running of his probationary term. We conclude that the state's position is meritorious.

No Alaska statute expressly provides that a probationer's unauthorized absence from supervision tolls a term of probation.[1] However, AS 12.55.025(c) states that "[t]he time during which a defendant is voluntari-

---

**1.** We need not decide whether or to what extent statutes of limitation for criminal conduct would apply to cases involving probation violations. This issue has not been briefed or argued, and it appears that application of these provisions would not alter the result in this case. *See* AS 12.10.010 (prosecution for a crime must commence within five years of the prohibited act); AS 12.10.040 (limitation period tolled for a maximum of three years if defendant is a fugitive from justice).

ly absent from official detention after he has been sentenced may not be credited toward service of his sentence." While this provision is not directly applicable to periods of probation imposed under AS 12.-55.090, we believe it is helpful in interpreting the probation statute.

The five-year limitation of probation specified in AS 12.55.090(c) is identical to the time limit imposed under the analogous federal probation statute, 18 U.S.C. § 3651. The Alaska Supreme Court has recognized that federal decisions construing § 3651 constitute persuasive authority for interpretation of Alaska's probation statute. *See Gonzales v. State,* 608 P.2d at 26 n. 6; *Jackson v. State,* 541 P.2d 23, 25 (Alaska 1975). Federal courts have consistently held that a period of probation imposed under 18 U.S.C. § 3651 is tolled when a probationer is imprisoned for another crime. For example, in *United States v. Workman,* 617 F.2d 48, 51 (4th Cir.1980), the court held:

> The calculation of the five-year limitation [under 18 U.S.C. § 3651] has been the subject of considerable litigation. The unifying principle implicit in the resulting decisions is that a probationer can not obtain credit against the five-year period for any period of time during which he was not, in fact, under probationary supervision by virtue of his own wrongful act. The focus has been on whether the probationer's wrongful act resulted in the termination of probationary supervision, rather than on a simple, mathematical computation of five years from the date the probationary term began. Consequently, in computing the five-year period courts have excluded the time period during which a probationer is imprisoned on an unrelated offense ....

*See also United States v. Rodriguez,* 682 F.2d 827, 829–30 (9th Cir.1982) (prison term due to probation violations tolls the five-year probationary period).

In *Gillespie v. State,* 17 Wash.App. 363, 563 P.2d 1272, 1274–75 (1977), the Washington Court of Appeals expressly held that a statute similar to AS 12.55.080 was tolled by the defendant's unauthorized absence from the state. The court stated:

> Because Gillespie failed to report to the probation authorities and absconded supervision, the period until he returned from North Carolina on December 21, 1974 should not count as part of his probationary period. Probation is an act of judicial grace or lenience motivated in part by the hope that the offender will become rehabilitated. To achieve this goal, the probationer must remain within the jurisdiction of the court that retains control over him and must subject himself to probation supervision, as directed by the court and the Board of Prison Terms and Paroles. [Citations omitted.]

We believe that the holding of the court in *Gillespie* and the reasoning of the federal decisions interpreting 18 U.S.C. § 3651 are highly persuasive. Accordingly, we hold that the five-year time limit for probation under AS 12.55.090(c) is suspended when a probationer terminates supervision by leaving the state without permission or by severing contacts with supervising authorities.

In the present case, the record establishes that O'Shea left the drug rehabilitation program in which he was required to participate at some time prior to September 23, 1977, and severed contacts with the probation department. While the precise date of O'Shea's return to supervision is unclear from the record, it is clear that, prior to reestablishing contact, he left Alaska without permission and remained outside the state at least through April of 1981, when he was released on parole in Oregon. O'Shea's five-year period of probation, which was originally scheduled to expire on February 24, 1982, was thus tolled for a period of more than two years. Thus, the order entered by Judge Hanson on June 23, 1981, extending O'Shea's probation two years beyond February 24, 1982, did not violate the five-year limit on O'Shea's probation. Even if Judge Hanson had not expressly extended O'Shea's probation for two years, the tolled period resulting from O'Shea's unauthorized absence would have

subjected him to continued supervision for at least two years beyond the original expiration date. Accordingly, we hold that O'Shea remained on probation and under the jurisdiction of the superior court when the amended probation revocation petition was filed in May of 1982.

The judgment of the superior court is AFFIRMED.