George GAGE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–643.

Court of Appeals of Alaska.

June 21, 1985.

Jeffrey F. Sauer, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Shannon D. Turner, Asst. Dist. Atty., Thomas M. Wardell, Dist. Atty., Kenai, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, Chief Judge, and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

George Gage was originally convicted of selling marijuana. Superior Court Judge Charles K. Cranston suspended the imposition of Gage's sentence and placed him on probation for three years. Subsequently, the state filed a petition to revoke, alleging that Gage had violated the conditions of his probation. Gage was arraigned on the petition and was released pending a hearing on the allegations contained therein.

Approximately six months later a probation revocation hearing was held before Judge Cranston, who found that Gage had violated the conditions of his probation as charged. Judge Cranston revoked Gage's probation and sentenced him to serve thirty months' imprisonment, with all but twelve months of the sentence suspended on condition that Gage complete a five-year period of probation. Judge Cranston specified that Gage was to receive credit against this five-year period of probation for the time he had already spent on probation before the petition to revoke his probation was filed; however, no credit was to be given for the time after the petition to revoke was filed.

On appeal Gage challenges the legality of his sentence. His sole contention is that the trial court erred in refusing to allow credit for the period of probation that elapsed after the petition to revoke had been filed and was awaiting disposition.

Sentences of probation are governed in Alaska by AS 12.55.090.[1] This provision is similar in substance to the federal probation statute, 18 U.S.C. § 3651, and Alaska courts have consistently viewed federal cases interpreting § 3651 as constituting persuasive authority. *See, e.g., O'Shea v. State,* 683 P.2d 286, 289 (Alaska App.1984); *Gonzales v. State,* 608 P.2d 23, 26 and n.6 (Alaska 1980).

In *O'Shea v. State,* 683 P.2d at 289, we relied in part on *United States v. Workman,* 617 F.2d 48 (4th Cir.1980), and *United States v. Rodriguez,* 682 F.2d 827 (9th Cir.1982), to hold that the running of probation is tolled for any period when the probationer "was not, in fact, under probationary supervision by virtue of his own wrongful act." *Workman,* 617 F.2d at 51. We concluded that O'Shea's incarceration on new charges and his unauthorized absence from the jurisdiction had tolled the running of his probation. *O'Shea,* 683 P.2d at 289.

While the precise issue presented in this case is apparently one of first impression in Alaska, we believe our holding in *O'Shea* is apposite and foreshadows the correct result. Decisions of federal district courts have concluded that under the federal probation statute the running of probation is tolled by the filing of a petition to revoke probation. *United States v. Lancer,* 508 F.2d 719 (3rd Cir.), *cert. denied,* 421 U.S. 989, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975); *United States v. Gonzalez,* 574 F.Supp. 271 (D.N.J.1983); *United States v. Green,* 429 F.Supp. 1036 (W.D.Tex.1977). Under the federal statute, this interpretation apparently applies unless the accused is ultimately found not to have violated the conditions of probation. *Workman,* 617 F.2d at 51 (where an appellate court ultimately reverses a trial court's conclusion that defendant violated conditions of probation, the period during pendency of the petition to revoke is not tolled).

We see no reason to depart from the federal caselaw in this area. A probationer's wilful violation of the conditions of probation is a wrongful act and is inimical to the concept of effective, ongoing probationary supervision. In substance, a petition to revoke probation constitutes a formal allegation that the probationer is not currently amenable to meaningful supervision and that probationary release under the terms and conditions ordered by the court is not viable. Where a petition to revoke probation formally charging a probationer with committing a violation is filed and the court subsequently determines that the alleged violation was in fact committed, there can be no legitimate justification for allowing the probationer to claim credit for time served on probation during the period

---

1. AS 12.55.090 states:

    *Granting of probation.* (a) Probation may be granted whether the crime is punishable by fine or imprisonment or both. If a crime is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

    (b) The court may revoke or modify any condition of probation, or may change the period of probation.

    (c) The period of probation, together with any extension, shall not exceed five years.

between the filing of the petition and its ultimate adjudication.

The sentence is AFFIRMED.