914 F.2d 247
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harold Smith CHANCEY, Plaintiff-Appellant,
v.
Jeffrey J. CLARK, Warden, Federal Correctional Institution,
Petersburg, Virginia, Defendant-Appellee.
 No. 89-6310.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1990.
Decided Sept. 12, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CA-89-298)
 Walter Moore Henritze, Jr., Atlanta, Ga., for appellant.
 Debra Jean Prillaman, Assistant United States Attorney, Richmond, Va., (argued) for appellee; Henry E. Hudson, United States Attorney, Richmond, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Harold Smith Chancey appeals the denial of his habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2241. For the third time he raises before a United States Court of Appeals the same question--whether the commencement of his term of probation was improperly deferred from the time a parole violator's warrant was issued until it was dismissed. For the reasons that follow, the district court's denial of the writ is affirmed.
 
 I.
 
 2
 Chancey was originally sentenced in the District of South Carolina on several separate charges. On one of the charges, Chancey received a sentence of active imprisonment of four years. On the remaining charges, imposition of sentence was suspended and Chancey was placed on probation for a four year period to begin at the expiration of the four year active sentence.
 
 
 3
 After serving a portion of his active sentence in an institution, Chancey was paroled on May 19, 1975. On February 2, 1977, ten days from the end of his original parole term, a parole violator's warrant was issued when he was charged in an unrelated indictment in the United States District Court for the Northern District of Georgia. The parole violator's warrant was held in abeyance pending a determination of the the Georgia charges.
 
 
 4
 During the period between the issuance of the parole violator's warrant and the Georgia trial, Chancey was released on a pretrial appearance bond and was under neither parole nor probationary supervision. He was acquitted of the Georgia charge and on July 12, 1977, the parole violator's warrant was withdrawn. Chancey's four year term of probation commenced the following day, July 13, 1977.
 
 
 5
 In 1980, probationary supervision over Chancey was transferred to the Northern District of Georgia in an order reciting that the period of probation ran from July 13, 1977, to July 12, 1981. Two days from the end of that term, Chancey's probation was extended for a year. In the first of his appeals to raise the question when probation should have properly commenced, Chancey appealed the extension to the Eleventh Circuit. Relying on 21 C.F.R. Sec. 2.44(d) (1977),[1] the Court found that the parole violator's warrant suspended running of the active sentence from the date of its issuance until the date of its withdrawal and that probation did not begin until July 13, 1977. United States v. Chancey, 695 F.2d 1275 (11th Cir.1982) (per curiam) (Chancey I ).
 
 
 6
 On June 11, 1982, a warrant and order to show cause why probation should not be revoked were issued. After a hearing, probation was revoked and sentence at the maximum level was imposed on each of the four counts for which sentence had originally been suspended. Again Chancey appealed to the Eleventh Circuit (Chancey II ), claiming that the decision in Chancey I was mistakenly based upon application of a regulation, 21 C.F.R. Sec. 2.44(d) (1977), which had not become effective at the time his parole violator's warrant had been issued. In affirming the district court, the Eleventh Circuit relied on the law of the case doctrine with respect to when the probationary term commenced and then found further that, independent of the regulation, probation could not have begun during the period Chancey was on pretrial release and under neither parole nor probation supervision. United States v. Chancey, No. 83-8305 (11th Cir. Dec. 7, 1983) (unpublished).
 
 
 7
 In this Circuit, Chancey first attempted a collateral attack by way of coram nobis filed in the District of South Carolina where he was originally sentenced. When that was denied, he appealed to this Court where a panel found coram nobis inapplicable and invited Chancey to reframe his claim under 28 U.S.C. Sec. 2241 since his challenge was to the execution rather than the fact of his sentence. Chancey then filed the present action as a Sec. 2241 petition in the United States District Court for the Eastern District of Virginia, the district of his incarceration.
 
 
 8
 Judge Bryan decided that the parole violator's warrant suspended expiration of the parole term and thereby delayed commencement of the probationary term until July 13, 1977.
 
 II.
 
 9
 The same issue Chancey would now have this Court review has twice been presented to the Eleventh Circuit. Chancey II was on direct appeal from the imposition of sentence about which he now complains. This issue having been fully litigated on direct appeal, it is not the proper subject of collateral attack. Cf. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.) (same principle of nonreview of fully litigated issues applicable to petitions filed under 28 U.S.C. Sec. 2255), cert. denied, 429 U.S. 863 (1976). We see no reason why a distinction should be made between habeas corpus petitions filed pursuant to Sec. 2241 and those filed under Sec. 2255 when the issue has been fully litigated on direct appeal in this or another United States Court of Appeals.
 
 III.
 
 10
 If consideration of the merits were appropriate, however, Chancey's petition would still properly be denied.
 
 
 11
 At the time the parole violator's warrant was issued in February of 1977, the following regulation was in effect:
 
 
 12
 (d) The issuance of a warrant under this section suspends the running of a sentence until such time as the parolee may be retaken into custody and a final determination of the charges may be made by the Commission.
 
 
 13
 28 C.F.R. Sec. 2.44(d) (1976). This regulation became effective on October 4, 1976. 41 Fed.Reg. 37,316, 37,319 (1976). No difference in language exists between this version of the regulation and the regulation which was published in the Federal Register in September of 1977, 42 Fed.Reg. 39,808 (1977), which was cited by the Eleventh Circuit in Chancey I.[2]
 
 
 14
 The regulation makes no distinction between warrants which are issued prior to convictions and those issued where no conviction results. Under this regulation, Chancey's sentence did not run during the pendency of the warrant because he neither was placed in custody nor did the Commission make a final determination of the charges against him.
 
 
 15
 Chancey cites United States v. Workman, 617 F.2d 48 (4th Cir.1980), as controlling on the issue before the Court. Workman stands for the proposition that a probationary period could not be extended beyond the maximum allowed by statute absent some grant of authority to the courts. Chancey's situation is distinguishable. Here, Section 2.44(d) provides the authority to extend appellant's parole period. It was the lack of such authority and the conflict with a five year statutory maximum for sentences of probation that compelled this Court's decision in Workman. Workman is inapposite.
 
 
 16
 Appellant also makes an ex post facto argument based on the Eleventh Circuit's quote of 28 C.F.R. Sec. 2.44(d) (1977). As discussed, language identical to that quoted by the court was in effect in February of 1977. Appellant was not subjected to any statute or regulation which would impermissibly increase his punishment. He has likewise failed to make any showing that his due process rights were violated.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Section 2.44(d) provides:
 (d) The issuance of a warrant under this section suspends the running of a sentence until such time as the parolee may be retaken into custody and a final determination of the charges may be made by the Commission.
 Id.
 
 
 [2]
 Some of appellant's confusion regarding the effective date of the regulation may stem from the republication of Sec. 2.44(d) in the Federal Register in 1977. 42 Fed.Reg. 39,808 (1977). Section 2.44(d) was published in 1977 as part of a section that was being amended. Section 2.44(d) was not changed in any respect