Patrick G. **HERRIN**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. A–8553.

Court of Appeals of Alaska.

June 18, 2004.

Patrick G. Herrin, in propria persona, Spokane, Washington, for the Appellant.

John A. Scukanec, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

In December 1997, Patrick G. Herrin was convicted of first-degree stalking and third-degree assault for acts of domestic violence against his then-wife, J.H. Herrin received a composite sentence of 10 years' imprisonment with 5 years suspended, and he was placed on probation for 8 years following his sentence of imprisonment. One of Herrin's conditions of probation prohibited him from having any contact, direct or indirect, with his wife, J.H.[1]

---

1. *See Herrin v. State,* Alaska App. Memorandum Opinion No. 4773 (October 15, 2003), pages 1–2, 2003 WL 22351623 at *1.

In July 2000, while Herrin was serving his sentences for these crimes, and shortly before he was scheduled to be released on parole, Herrin wrote numerous threatening letters to J.H. Based on this conduct, the State indicted Herrin for first-degree stalking and also petitioned the superior court to revoke Herrin's probation from his 1997 convictions.

Following a jury trial, Herrin was convicted of the new count of first-degree stalking in March 2001. Based on this new offense, the superior court revoked Herrin's probation from his two 1997 convictions and imposed an additional year to serve in each case.[2]

In both of the written judgements revoking Herrin's probation from the 1997 convictions, the superior court wrote:

> [Herrin's] [p]robation is extended during the period of time [that] the [petition for revocation of probation] was pending[, that is, from] 7/11/00 [to] 2/4/02.

In this appeal, Herrin contends that it was unlawful for the superior court to include this provision in the two judgements—i.e., it was illegal for the superior court to toll the running of Herrin's probation during the time that the petitions to revoke his probation were pending—because the judge failed to explicitly order this tolling when the judge orally pronounced Herrin's sentences.

Under Alaska law, when the terms of a defendant's sentence contained in the written judgement differ from the terms of the sentence announced orally at the defendant's sentencing hearing, the oral sentence controls.[3] But this rule applies only to components of the sentence that are within the sentencing judge's discretion.

For instance, a sentencing judge has no discretion regarding whether to limit or expand a defendant's eligibility for parole by declaring the defendant's sentence to be "presumptive" or "non-presumptive". That categorization—and the corresponding scope of the defendant's parole eligibility—are set by statute.[4] Similarly, a sentencing judge has no discretion regarding whether to grant or deny a defendant credit for time spent in jail before sentencing. That, too, is determined by statute.[5]

Likewise, a sentencing judge has no discretion on the question of whether a defendant's term of probation should be tolled during the pendency of a petition to revoke probation. In Gage v. State, 702 P.2d 646 (Alaska App.1985), this Court held that if a defendant is ultimately found to have violated the conditions of their probation, the running of the defendant's term of probation must be tolled during the time that the petition was pending. (That is, the total length of the defendant's term of probation must be extended by the amount of time that the petition to revoke was pending.) As Gage explains,

> [When] a petition to revoke probation formally charging a probationer with committing a violation is filed and the court subsequently determines that the alleged violation was in fact committed, there can be no legitimate justification for allowing the probationer to claim credit for time served on probation during the period between the filing of the petition and its ultimate adjudication.

Gage, 702 P.2d at 647–48.

Accordingly, it makes no difference whether the superior court expressly announced at the sentencing hearing that Herrin's term of probation was tolled during the pendency of the petitions to revoke his probation. This result is required by law.

(Under AS 12.55.090(b), the superior court had the authority to reduce Herrin's total term of probation so as to mitigate or negate the effect of this required tolling. But to do this, the superior court would have had to expressly amend Herrin's sentence.)

---

**2.** Id. at page 3, 2003 WL 22351623 at *1.

**3.** See Graybill v. State, 822 P.2d 1386, 1388 (Alaska App.1991).

**4.** See Reyes v. State, 978 P.2d 635, 642–43 (Alaska App.1999).

**5.** See Smith v. State, 892 P.2d 202, 203 (Alaska App.1995).

The judgements of the superior court are
AFFIRMED.