NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

WALTER WAYNE MANTOR,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-11781
Trial Court No. 3AN-89-8353 CR

O P I N I O N

No. 2476 — September 25, 2015

Appeal from the Superior Court, Third Judicial District, Anchorage, Eric Smith, Judge.

Appearances: John N. Page III, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Elizabeth T. Burke, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard and Kossler, Judges.

Judge KOSSLER.

Walter Wayne Mantor appeals the superior court's probation revocation and imposition of his previously suspended sentence for first-degree sexual assault and first-degree assault. Mantor contends that the superior court should not have found him in violation of his probation because his probation had already expired when he

committed the claimed violations. Mantor's contention rests on his assertion that his probation continued even while he was in prison for parole violations.

For the reasons that follow, we reject Mantor's assertion and affirm the superior court's order.

*Facts and proceedings*

In 1990, following a plea of no contest, Mantor was convicted of first-degree sexual assault and first-degree assault.[1] The superior court sentenced Mantor to a composite sentence of 30 years' imprisonment, with 5 years suspended and "[f]ive years probation upon release." The court also ordered that Mantor's probation was to expire "five years from [his] date of release from incarceration."

In October of 2006, Mantor was released from prison on mandatory parole and concurrent probation.[2]

In August of 2007, Mantor was returned to prison on a parole arrest warrant. Mantor's parole was subsequently revoked, and he remained in prison until August of 2009, when he was again released.

Mantor was arrested and incarcerated for another alleged parole violation in September of 2010. At the end of September, he was released from incarceration pending a final hearing. At the final hearing, the Parole Board revoked Mantor's parole, but then returned him to parole without further incarceration.

Mantor was arrested for new crimes in January of 2013. The State then filed a petition to revoke Mantor's probation based on these new crimes.

---

[1] *Mantor v. State*, 1991 WL 11259354 (Alaska App. Dec. 11, 1991) (unpublished) (describing Mantor's offenses).

[2] *See* AS 33.20.040(c) ("the probationary period shall run concurrently with a period of mandatory parole").

Mantor filed a motion to dismiss this petition. He argued that his probation continued even when he was returned to prison for parole violations and that therefore his probation term had expired in October of 2011 — that is, more than a year before he committed the new crimes. The State argued in opposition that Mantor's probation was tolled while he was incarcerated on the parole violations and thus he was still on probation when he committed the new crimes.

The superior court agreed with the State, reasoning that when Mantor was incarcerated he was not under probation supervision. The superior court stated, "[When a probationer] gets his parole revoked, he goes back to jail, and by operation of law, just like with probation revocation, that tolls the time." The court then imposed all 5 years of Mantor's suspended sentence.

*Why we affirm the superior court's ruling that Mantor was still on probation when he committed the new crimes*

On appeal, Mantor renews his claim that his probation continued during the time he was incarcerated for parole violations. Mantor's argument is based on his interpretation of two earlier cases of this Court, *O'Shea v. State*, 683 P.2d 286 (Alaska App. 1984), and *Gage v. State*, 702 P.2d 646 (Alaska App. 1985).

In *O'Shea v. State*, this Court addressed whether the defendant's probation continued when he left Alaska without permission and was not under the supervision of probation authorities.[3] We found persuasive the reasoning of the federal courts that was expressed in *United States v. Workman*: "a probationer can not obtain credit against [his probation] period for any period of time during which he was not, in fact, under probationary supervision by virtue of his own wrongful act."[4] We noted that the federal

---

[3]    *O'Shea*, 683 P.2d at 287-89.

[4]    *Id.* at 289 (quoting *United States v. Workman*, 617 F.2d 48, 51 (4th Cir. 1980)).

courts have "consistently held that a period of probation ... is tolled when a probationer is imprisoned for another crime."[5] And using this same reasoning, we held in O'Shea's case that a defendant's probation is tolled when the defendant absconds from supervision.[6]

Similarly, in *Gage v. State*, we held that a defendant's period of probation is tolled during the period between the filing of a petition to revoke the defendant's probation and the adjudication of that petition (if the probation violation is proved).[7]

Mantor argues that *O'Shea* and *Gage* are distinguishable because, in both of those cases, the courts affirmatively found that the defendants had violated their probation. In contrast, it was the Parole Board that made the findings of misconduct in Mantor's case. Mantor contends that unless the *court* finds that a defendant has violated his probation, the defendant's probation should continue to run.

But the chief concern of *O'Shea* and *Gage* is that probationers not receive credit for periods of time when they are not under probation supervision. Probation is, by definition, a period of supervised release — a time when "the court allows a defendant to remain at conditional liberty in lieu of serving time in prison."[8] When that supervision is interrupted because of the defendant's misconduct, the defendant's period of probation tolls. This principle applies regardless of whether the interruption occurs because the defendant absconds from supervision or because the defendant is incarcerated for misconduct. And in cases where the defendant is incarcerated for

---

[5] *Id.*

[6] *Id.*

[7] *Gage*, 702 P.2d at 647-48.

[8] *Edwards v. State*, 34 P.3d 962, 968 (Alaska App. 2001).

misconduct, it does not matter whether the misconduct consists of new crimes, or violations of conditions of probation, or violations of conditions of parole.

We therefore hold that Mantor's probation was tolled during the time he spent in prison in connection with his violations of his conditions of parole.

(We note that we have consistently referred to the *Gage* rule as applying only when the allegations of misconduct are proved.[9] As we suggested in *Gage*, equity might require a different result in cases where the Parole Board or the court later finds that the allegations of misconduct are not proved.[10])

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

[9] *See Herrin v. State*, 93 P.3d 477, 478 (Alaska App. 2004); *Hill v. State*, 22 P.3d 24, 29 n.8 (Alaska App. 2001); *Harris v. State*, 980 P.2d 482, 484 (Alaska App. 1999).

[10] *Gage*, 702 P.2d at 647.