# UNITED STATES of America

### v.

## Verna Mae GREEN.

## Crim. No. SA 76 CR 80.

United States District Court,
W. D. Texas,
San Antonio Division.

April 14, 1977.

John E. Clark, U. S. Atty., John M. Pinckney III, Asst. U. S. Atty., San Antonio, Tex., for plaintiff.

Lucien B. Campbell, Federal Public Defender, Edward C. Prado, Asst. Federal Public Defender, San Antonio, Tex., for defendant.

## MEMORANDUM

SPEARS, Chief Judge.

On February 17, 1977, the government filed a "Motion to Show Cause and Set Aside Suspended Sentence and Revoke Probation" of the defendant, Verna Mae Green. On June 15, 1971, the defendant appeared before the Honorable James L. Noel, Jr. of the Southern District of Texas in Houston, and entered a plea of guilty to Count Three of a three count indictment charging her with possession of stolen mail matter in violation of Title 18 U.S.C. Section 1708. She was sentenced on November 23, 1971 to a term of five (5) years, with six (6) months to serve, and the execution of the remaining fifty-four (54) months suspended during which she was placed on supervised probation for a period of five (5) years. The probationary period began on December 28, 1971 and was to expire five (5) years later on December 27, 1976. On January 26, 1972, this case was transferred to the San Antonio probation office for supervision only, and jurisdiction was formally transferred to this district on June 2, 1976. On August 24, 1976, a probation revocation hearing was held and the defendant was found to have been in violation of the conditions of her probation from March 1, 1975 until August 24, 1976, a period of one year, five months and twenty-four days. For the reasons hereinafter set forth, the Court would have been authorized to extend the probationary period to June 20, 1978, but it was extended only to December 31, 1977.

At the second probation revocation hearing in this case, the defendant was again found to have been in violation of the conditions of her probation from December 8, 1976 until the date of the hearing on March 23, 1977.

The defendant, through her appointed counsel, responded to the second government motion to revoke probation with a three-pronged attack. The first contention is that this Court extended the defendant's probation without permission of the Sentencing Court in violation of Title 18 U.S.C. Section 3653.[1] The transfer order, however, specifies:

> This Court hereby expressly consents that the period of probation may be changed by the District Court to which this trans-

---

[1] Title 18 U.S.C. Section 3653 states, in part: "Whenever during the period of his probation, a probationer heretofore or hereafter placed on probation, goes from the district in which he is being supervised to another district, jurisdiction over him may be transferred, in the discretion of the court, from the court for the district from which he goes to the court for the other district, with the concurrence of the latter court. Thereupon the court for the district to which jurisdiction is transferred shall have all power with respect to the probationer that was previously possessed by the court for the district from which the transfer is made, except that the period of probation shall not be changed without the consent of the sentencing court."

fer is made without further inquiry to this Court.

The defendant's first contention is, therefore, without merit as it is obvious that permission to change the probationer's term was expressly granted.

■ The defendant's second contention is that the continuance of the probationary period past December 27, 1976 is an extension in violation of the five year limitation expressed in Title 18 U.S.C. Section 3651.[2] This contention must also fall because the period of time during which the defendant was in violation of her probation (one year, five months, twenty-four days) tolls the running of the term. *See United States v. Lancer*, 508 F.2d 719 (3rd Cir.), *cert. denied*, 421 U.S. 989, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975); *United States v. Strada*, 503 F.2d 1081 (8th Cir. 1974); *United States v. Gerson*, 192 F.Supp. 864 (E.D.Tenn.1961), *aff'd per curiam*, 302 F.2d 430 (6th Cir. 1962). As stated in *Gerson*:

> If a probationer, voluntarily or because of his wrongdoing, is not available to be under the control of the Court and the supervision of the probation officer, the probation period is not running. *United States v. Gerson, supra* at 865.

It would be unreasonable to conclude that a probationer could violate conditions of probation and keep the clock running at the same time, thereby annulling both the principle and purpose of probation. *See United States v. Atlantic Richfield Company*, 465 F.2d 58, 61 (7th Cir. 1972) (a means by which an offender could be rehabilitated and/or supervised in the hope that further illegal acts would not be committed); and *United States v. Gerson, supra* at 865. Thus, the finding that the defendant was in violation of the conditions of her probation at the first revocation hearing on August 24, 1976 extended the potential maximum probationary term to June 20, 1978.[3]

■ At the second hearing to revoke probation, which was held on March 23, 1977, the defendant was again found to have been in violation of her probation for a period of three months and fifteen days, thus extending the potential maximum probationary term to October 5, 1978. Although the defendant's probationary status was previously continued until December 31, 1977, the Court is of the opinion that the ends of justice and the best interests of the public will be served by revoking the probation granted on August 24, 1976, but continuing the defendant, Verna Mae Green, on probation with supervision until September 23, 1977.[4]

Since the Court clearly has jurisdiction over the defendant, her third contention that Title 18 U.S.C. Section 3653 was violated by issuing an arrest warrant after the termination of her five year probationary period is without merit.[5]

---

**2.** Title 18 U.S.C. Section 3651 states, in part: "The period of probation, together with any extension thereof, shall not exceed five years."

**3.** It should be noted that the Parole Commission and Reorganization Act at Title 18 U.S.C. Section 4210(c) provides: "In the case of any parolee found to have intentionally refused or failed to respond to any reasonable request, order, summons, or warrant of the Commission or any member or agent thereof, the jurisdiction of the Commission may be extended for the period during which the parolee so refused or failed to respond."

**4.** While the defendant's demonstrated illness during the period of time involved did not excuse her failure to report to the probation office as required, it did constitute sufficient mitigation to justify a continuation of her probation.

**5.** The pertinent part of Title 18 U.S.C. Section 3653 states: "At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant. At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision, may issue a warrant for his arrest for violation of probation occurring during the probation period."