513 S.E.2d 373

**The STATE, Appellant,**

v.

**Harry Lee SUMPTER, Respondent.**

**No. 2939.**

Court of Appeals of South Carolina.

Submitted Jan. 12, 1999.

Decided Feb. 8, 1999.

Chief Legal Counsel Carl N. Lundberg, of SC Department of Probation, Parole and Pardon Services, of Columbia, for appellant.

Chief Attorney Daniel T. Stacey, of SC Office of Appellate Defense, of Columbia, for respondent.

PER CURIAM:

Respondent, Harry Lee Sumpter (Sumpter) was convicted of two counts of breach of trust with fraudulent intent. He was sentenced to serve eight years, suspended upon the service of eighteen months and five years probation. Sumpter was charged with violation of his probation. At the probation revocation hearing, it was determined Sumpter had only 30 days left on his probation sentence. Nevertheless, the trial court ordered Sumpter to remain in jail until he was accepted at a Restitution Center. The court further ordered that Sumpter spend six months at the Restitution Center, apparently as a condition of his probation. The State appeals, asserting the trial court's order violates S.C.Code Ann. § 24–21–440 [1] because it requires the Department of Probation,

---

1. This section provides that the "period of probation ... shall not exceed a period of five years ... and may be continued or extended within the above limit."

Pardon, and Parole to supervise Sumpter for a longer period of time than the statute authorizes.[2]

Here it is clear that the trial court's order extending Sumpter's probation beyond the five years authorized by statute is an illegal sentence and must be reversed. *See generally Horn v. Davis Elec. Constructors, Inc.,* 307 S.C. 559, 416 S.E.2d 634 (1992) (when construing a statute, courts must determine the intent of the legislature); *First Baptist Church of Mauldin v. City of Mauldin,* 308 S.C. 226, 417 S.E.2d 592 (1992) (the words of a statute must be given their plain and ordinary meaning); and *Whiteside v. Cherokee Co. School Dist. No. 1,* 311 S.C. 335, 428 S.E.2d 886 (1993) (statutes as a whole must receive practical, reasonable and fair interpretation consonant with the purpose, design, and policy of lawmakers).

**REVERSED.**

CURETON, GOOLSBY and HOWARD, JJ., concur.

---

2. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.