609 S.E.2d 553

**The STATE, Respondent,**

v.

**Samuel HACKETT, Appellant.**

**No. 3931.**

Court of Appeals of South Carolina.

Submitted Dec. 1, 2004.

Decided Jan. 24, 2005.

Acting Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.

Deputy Director for Legal Services Teresa A. Knox, Legal Counsel Tommy Evans, Jr., and Legal Counsel J. Benjamin Aplin, South Carolina Department of Probation, Parole, and Pardon Services, all of Columbia, for Respondent.

HUFF, J.:

This appeal presents the novel question of whether a probationer's probationary period may be tolled when he absconds from supervision. Appellant, Samuel Hackett, was sentenced to fifteen years suspended with five years of probation for second-degree burglary, and ten years suspended with five years probation for larceny. Hackett was twice brought before the court for probation violations, at which times he was found to be in violation of his probation conditions, and in both instances his probation was ordered tolled from the issuance of the warrant. On the third time Hackett was brought before the court for violating his probation, the trial court revoked Hackett's probation in full. Hackett appeals. We affirm.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTUAL/PROCEDURAL BACKGROUND

On November 9, 1993, Hackett pled guilty to burglary and grand larceny and received concurrent sentences of fifteen and ten years respectively, suspended with five years probation. The probation order transferred Hackett's probation to Oregon and required Hackett to pay restitution.

On January 5, 1995, an arrest warrant was issued that charged Hackett with violating his probation by, among other things, failing to report to Oregon authorities, and absconding from supervision. Because Hackett could not be located, he was not served with this warrant until October 1, 1998. Thereafter, a probation citation was issued on October 16, 1998 charging Hackett with violation of his probation subsequent to the issuance of his January 5, 1995 warrant, for being sentenced to prison on January 13, 1995 for robbery in Oregon. Hackett appeared before the court for a hearing on February 5, 1999, at which time the trial court continued his probation and ordered the probationary period be tolled from the issuance of the warrant on January 5, 1995 until the hearing date, February 5, 1999.

On May 4, 1999, another arrest warrant was issued that charged Hackett with violating the terms of his probation by, among other things, failing to report, failing to pay restitution, and failing to notify his agent of his arrest for DUI, DUS, open container violation, violation of the seatbelt law, and child endangerment. On October 8, 2001, the trial court again continued Hackett's probation, but ordered Hackett to attend the restitution center and again ordered the probationary period be tolled from the issuance of the warrant on May 4, 1999 until the date of the order, October 8, 2001.

Hackett was admitted to the Spartanburg Restitution Center on November 6, 2001. On January 11, 2002, Hackett absconded from the center following an incident at the center after he was fired from his job that day. A warrant was issued on January 16, 2002 charging Hackett with violating his probation by, among other things, failing to complete the restitution center by absconding, failing to work diligently at a lawful occupation, and disrupting the facility and threatening conduct. Hackett was arrested in Georgia on July 8, 2002 and transported back to South Carolina on July 18, 2002, at which

time he was served with the January 16, 2002 warrant. Thereafter, a probation citation was issued and served on September 19, 2002, charging Hackett with a probation violation for leaving the state without permission.

Hackett appeared at a probation revocation hearing on December 12, 2002 concerning the January 16, 2002 warrant and September 19, 2002 citation. At that hearing, Hackett argued the maximum period of probation is five years and his probationary term expired on November 8, 1998. He asserted the five-year period could not be interrupted unless his probation had been revoked and he was sent back to prison. Accordingly, he asked that his warrant and citation be dismissed for lack of subject matter jurisdiction. The trial court found Hackett's period of probation was properly tolled in both instances and the court therefore had subject matter jurisdiction. Following the taking of testimony on the merits, the trial court found Hackett to be in violation of his probation and revoked Hackett's probation in full. This appeal follows.

## LAW/ANALYSIS

■ Hackett argues the trial court erred in revoking his November 1993 probation in December 2002 because the probationary period could not exceed five years. He asserts S.C.Code Ann. § 24–21–440 does not allow a period of probation to exceed five years, and probation may not be extended absent a partial revocation. Accordingly, Hackett maintains his probation could not be extended beyond November 8, 1998, and the February 5, 1999 order tolling his probation was therefore invalid.[2] We disagree.

■ South Carolina Code Ann. § 24–21–440 (Supp.2003) provides as follows: "The period of probation or suspension of sentence shall not exceed a period of five years and shall be determined by the judge of the court and may be continued or extended within the above limit." A trial court's order extending probation beyond the five-year period authorized by stat-

---

**2.** The only issue on appeal is the propriety of the tolling of Hackett's probation from January 5, 1995 to February 5, 1999 as per the court's order dated February 5, 1999. A finding that this tolling was proper would necessarily mean Hackett was still on probation on September 19, 2002, when the probation citation was issued.

ute is an illegal sentence requiring reversal. *State v. Sumpter*, 334 S.C. 369, 371, 513 S.E.2d 373, 374 (Ct.App.1999).

"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." *Elmore v. Ramos*, 327 S.C. 507, 510, 489 S.E.2d 663, 665 (Ct.App.1997). "In construing a statute, its words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation." *Adkins v. Comcar Indus., Inc.*, 323 S.C. 409, 411, 475 S.E.2d 762, 763 (1996). "If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning." *State v. Smith*, 330 S.C. 237, 240, 498 S.E.2d 648, 650 (Ct.App.1998). "Where a statute is complete, plain, and unambiguous, legislative intent must be determined from the language of the statute itself." *Id.* On the other hand, "[c]ourts will reject the plain and ordinary meaning of statutory language when to accept it would lead to a result so absurd that it could not possibly have been intended by Legislature, or would defeat plain legislative intention; if possible we will construe a statute so as to escape an absurd result and carry the legislative intention into effect." *State v. Gordon*, 356 S.C. 143, 152–53, 588 S.E.2d 105, 110 (2003).

Construing the plain and ordinary meaning of the words of § 24–21–440, we find no prohibition for the *tolling* of a probationary sentence under these circumstances. In the instant case, the trial court did not attempt to *continue* or *extend* probation beyond the five-year limit imposed by § 24–21–440. Rather, the court tolled the probationary period from running during the time Hackett absconded from supervision. Thus, § 24–21–440 does not explicitly prohibit the tolling of time during which a probationary term runs.

Further, even if the "plain and ordinary meaning of the statute" does not specifically authorize tolling of probation, we find tolling is proper to reflect the legislative intent. "The primary concern in interpreting a statute is to determine the intent of the legislature if it reasonably can be discovered in the language when construed in the light of its intended purpose." *Clemson Univ. v. Speth*, 344 S.C. 310, 312–13, 543

S.E.2d 572, 573 (Ct.App.2001). The courts will reject a meaning when to accept such would lead to a result so plainly absurd that the Legislature could not possibly have intended it. *Id.* at 313, 543 S.E.2d at 573–74. In interpreting statutes, the court's "sole function is to determine and, within constitutional limits, give effect to the intention of the legislature, with reference to the meaning of the language used and the subject matter and purpose of the statute." *State v. Cobb,* 355 S.C. 98, 101 n. 4, 584 S.E.2d 371, 373 n. 4 (2003); *State v. Ramsey,* 311 S.C. 555, 561, 430 S.E.2d 511, 515 (1993).

The trial court logically determined Hackett should not receive credit against the five-year probationary period when he was not under the supervision of a probation officer. Hackett habitually violated the terms of his probation, and while he may have been spared the court's harsh decision to revoke probation on two occasions, the court properly determined probation should be tolled during the time between the issuance of the probation arrest warrant on January 5, 1995 and the time Hackett actually appeared before the court on that warrant on February 5, 1999. Clearly, Hackett was not reporting and was not under probationary supervision during this time period, and the time during which he absconded from supervision should not be included within the five-year probationary period to which he was sentenced. To allow a probationer who is initially spared from revocation of probation to then abscond from supervision and to escape any further punishment, free and clear of all consequences, as long as he manages to elude apprehension for a set amount of time would lead to an absurd result.

We find further support for our position in the federal case law arena. In *United States v. Green,* 429 F.Supp. 1036 (W.D.Tex.1977), Green asserted that a probationary period running past five years from the start of her probation was in violation of the federal statute that provided, "The period of probation, together with any extension thereof, shall not exceed five years." *Id.* at 1038. The district court held her contention must fall because the period of time during which Green was in violation of her probation tolled the running of the probationary term. *Id.* There, the court found, "It would be unreasonable to conclude that a probationer could violate conditions of probation and keep the clock running at the same

time, thereby annulling both the principle and purpose of probation." *Id.* Additionally, in the fourth circuit's opinion in *United States v. Workman,* 617 F.2d 48 (4th Cir.1980) the court, in discussing prior decisions regarding the computation of the federal five-year limitation period of probation, noted as follows: "The unifying principle implicit in the resulting decisions is that a probationer can not obtain credit against the five-year period for any period of time during which he was not, in fact, under probationary supervision by virtue of his own wrongful act." *Id.* at 51. It observed the focus was not on a simple mathematical computation of a five-year period from the beginning date of probation, but was on whether the probationer's wrongful acts resulted in termination of probationary supervision. *Id.*

Finally, we note that in the Florida case of *Ware v. State,* 474 So.2d 332 (Fla.Dist.Ct.App.1985), the Florida District Court of Appeal was also faced with the novel issue of whether probation may be tolled during the period of time a probationer absconds from supervision. There, the appellant's three year probationary period began on May 7, 1979. On July 23, 1980, an affidavit of violation of probation was filed alleging appellant had absconded from jurisdiction. On April 6, 1984, appellant pled guilty to second-degree murder. Thereafter, an amended affidavit of violation of probation and an amended warrant were filed on May 31, 1984. Following a hearing on July 13, 1984, the trial court revoked appellant's probation. *Id.* at 333. On appeal, appellant asserted the court lacked jurisdiction to entertain the amended affidavit filed in 1984 which included a violation that occurred after his probation had expired. *Id.* Noting it found no Florida case law directly on point, the court, citing several cases including *Workman* and *Green,* held "case law of other jurisdictions, as well as simple logic, indicates that where a probationer 'absconds from supervision,' the probationary period is tolled until he is once more placed under probationary supervision." *Id.* at 333–34.

For the foregoing reasons, we find the trial court properly tolled Hackett's period of probation from January 5, 1995 to February 5, 1999, and thereafter had jurisdiction to revoke

Hackett's probation during the five-year period of Hackett's active supervision. Accordingly, the order of the trial court is

**AFFIRMED.**

KITTREDGE and BEATTY, JJ., concur.