709 S.E.2d 135

**The STATE, Respondent,**

v.

**James C. MILLER, Appellant.**

**No. 4830.**

Court of Appeals of South Carolina.

Submitted Feb. 8, 2011.

Decided April 27, 2011.

Rehearing Denied May 31, 2011.

60

Appellate Defender Elizabeth A. Franklin–Best, of Columbia, for Appellant.

J. Benjamin Aplin, of Columbia, for Respondent.

LOCKEMY, J.

James C. Miller appeals an order of the circuit court tolling his probation while he is civilly committed as a sexually violent predator (SVP). Miller argues the trial court erred because tolling is not authorized by statute and renders his civil commitment punitive. We affirm.

## FACTS

In 1998, the mother of a one-year-old baby walked into a room and found Miller leaning over her child with his pants down while the baby's diaper was off. *In re Care & Treatment of James Carl Miller,* 385 S.C. 539, 541, 685 S.E.2d 619, 620 (Ct.App.2009). While exiting the room, Miller punched the mother. *Id.* Miller pled guilty to committing a lewd act on a minor under the age of sixteen and criminal domestic violence of a high and aggravated nature. The trial court sentenced Miller to 15 years' imprisonment suspended upon service of 10 years' imprisonment and five years' probation for the lewd act charge, and a concurrent sentence of 10 years' imprisonment for the criminal domestic violence charge.

Prior to his release from prison, Miller was civilly committed as an SVP. *Id.* at 545, 685 S.E.2d at 622. Approximately two years later, the State issued a probation citation "to give [the circuit] court subject-matter jurisdiction" to entertain its request to "stop and toll time on [Miller's] current probation sentence." At the revocation hearing, the State requested the circuit court toll Miller's probation until he is released from civil commitment. The circuit court found Miller would benefit from supervision in the community and was unable to live in the community while committed as an SVP. Accordingly, the court tolled Miller's probation until his release from civil commitment. This appeal followed.

### ISSUES ON APPEAL

Did the circuit court err in tolling Miller's probation while he is civilly committed as an SVP?

### STANDARD OF REVIEW

Probation matters are addressed to the sound discretion of the circuit court and will not be disturbed on appeal absent an abuse of discretion. *State v. Allen*, 370 S.C. 88, 94, 634 S.E.2d 653, 655 (2006). "An abuse of discretion occurs when the trial court's ruling is based upon an error of law, such as application of the wrong legal principle; or, when based upon factual conclusions, the ruling is without evidentiary support; or, when the trial court is vested with discretion, but the ruling reveals no discretion was exercised; or when the ruling does not fall within the range of permissible decisions applicable in a particular case, such that it may be deemed arbitrary and capricious." *Id.* at 94, 634 S.E.2d at 656.

### LAW/ANALYSIS

██ Miller contends the circuit court erred in tolling his probation while he is committed as an SVP for two reasons. First, Miller argues neither the Sexually Violent Predator Act[1] (the Act) nor the probation statutory scheme[2] provide the circuit court with the authority to toll probation. We disagree.

Section 24-21-410 of the South Carolina Code (Supp.2010) provides the trial court with authority to suspend the imposition and execution of a sentence "and place the defendant on probation" or "impose a fine and also place the defendant on probation." The period of probation "shall not exceed ... five years and shall be determined by the [circuit court]...." S.C.Code Ann. § 24-21-440 (2007). "Sections 24-21-410 and 24-21-440 vest the [circuit court] with broad authority to determine the beginning date of a term of probation, so long as the term of the probation does not exceed five years."

---

1. S.C.Code Ann. §§ 44-48-10 to -170 (Supp.2010).

2. S.C.Code Ann. §§ 24-21-410 to -490 (2007 & Supp.2010).

*State v. Lee*, 350 S.C. 125, 134, 564 S.E.2d 372, 377 (Ct.App. 2002).

Here, the circuit court determined Miller was incapable of complying with the conditions of probation while committed as an SVP and would benefit from supervision in the community. The circuit court determined the beginning date of Miller's probation as the date of his release from civil commitment at which time he could comply with the conditions of probation. We find the circuit court acted within its broad discretion to determine the beginning date of Miller's probation. *See id.* (finding the circuit court had "the authority to order a probationary period to begin upon a defendant's release from incarceration on a separate charge, even if that release is the result of the defendant being paroled").

Furthermore, our supreme court has recognized the circuit court has the authority to toll probation in at least two instances: partial revocation and continuance, *State v. Crouch*, 355 S.C. 355, 359 n. 2, 585 S.E.2d 288, 290 n. 2 (2003), and absconding from supervision, *State v. Hackett*, 363 S.C. 177, 182, 609 S.E.2d 553, 555–56 (Ct.App.2005). We are mindful that in both these instances the probationer has generally committed some affirmative act to violate the conditions of probation. Although Miller was civilly committed against his will, he admitted to committing a lewd act on a minor under the age of sixteen which contributed to the basis for his civil commitment. *See* S.C.Code Ann. § 44–48–30(1)–(2) (Supp. 2010) (enumerating "committing … [a] lewd act upon [a] child under sixteen" as a "sexually violent offense" for purposes of determining whether an individual is a sexually violent predator).

■ Finally, tolling Miller's probation under these circumstances is consistent with the policy considerations supporting probation. The purpose of probation is to rehabilitate the probationer in the community and to protect the public. 24 C.J.S. Criminal Law § 2145 (2006). Rehabilitation is accomplished by requiring the probationer to comply with conditions of probation designed "to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large." *Griffin v. Wisconsin*, 483 U.S. 868, 875, 107 S.Ct. 3164, 97 L.Ed.2d 709

(1987); *see also* S.C.Code Ann. § 24–21–430 (Supp.2010) (outlining thirteen conditions probationers must comply with while on probation). Here, Miller cannot benefit from the rehabilitative aspect of probation and supervision in the community until he is released from civil commitment. Furthermore, the State cannot ensure the public is protected if Miller is not required to live in the community subject to the conditions of probation. *See Griffin*, 483 U.S. at 875, 107 S.Ct. 3164 (noting that intensive supervision in the community can reduce recidivism). Accordingly, we find the circuit court did not abuse its discretion in tolling Miller's probation until he is released from civil commitment.

■ Second, Miller argues tolling his probation converts his civil commitment into a punitive commitment by extending the length of his criminal sentence. We disagree.

The Act expressly defines the nature of SVP commitment as civil commitment. *See* S.C.Code Ann. § 44–48–20 ("The General Assembly finds that a mentally abnormal and extremely dangerous group of sexually violent predators exists who require involuntary civil commitment in a secure facility for long-term control, care, and treatment."). Furthermore, our supreme court concluded in *In re Matthews* that the Act was civil and not criminal in nature and that commitment pursuant to the Act was non-punitive. 345 S.C. 638, 648–51, 550 S.E.2d 311, 315–17 (2001). Accordingly, Miller's argument is without merit.

## CONCLUSION

For the foregoing reasons, we find the trial court properly tolled the start date of Miller's probation until his release from civil commitment as an SVP. The decision of the trial court is

**AFFIRMED.**

WILLIAMS and GEATHERS, JJ., concur.