**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Joseph Wright, Jr., Appellant.

Appellate Case No. 2013-002510

———————

Appeal From Richland County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-134
Heard May 15, 2015 – Filed March 29, 2017

———————

**REVERSED**

———————

Hemphill P. Pride, II, of Law Office of Hemphill P. Pride, II, LLC, of Columbia, for Appellant.

South Carolina Department of Probation, Pardon and Parole General Counsel, Matthew C. Buchanan, of Columbia, for Respondent.

———————

**PER CURIUM:** Joseph Wright, Jr. appeals the circuit court's order finding him in willful civil contempt of a restitution order, arguing the court erred in (1) providing a remedy of civil contempt for violation of the restitution order after the expiration

of his probationary term and (2) entering the order after his period of probation had expired and without his consent. Wright further argues the Department of Probation, Pardon and Parole (the Department) lacks standing because it is not a named party to the case and did not intervene in the circuit court. We reverse.

Wright pled guilty to financial identity fraud, forgery, and obtaining signatures and property under false pretenses after assuming Amos Price's identity to obtain a $340,000 mortgage loan. On January 10, 2005, the Honorable Reginald I. Lloyd sentenced Wright to three concurrent ten-year sentences, suspended upon the service of sixty days, probation for five years, and restitution of $5000 to Price and $45,000 to Homeowners Mortgage Enterprise (Homeowners)[1] to be paid within a designated period. On July 18, 2007, the Honorable G. Thomas Cooper, Jr. confirmed that Wright had paid $50,000 in restitution pursuant to his original sentence. Judge Cooper waived the sixty-day incarceration requirement, set the five-year probationary period to begin on July 1, 2007, and end on July 1, 2012, and ordered a payment plan for the satisfaction of the remaining restitution. On March 27, 2009, Wright was arrested for violating the terms of his probation by failing to report, failing to provide a verifiable address, absconding from supervision, failing to submit to DNA testing, and failing to pay supervision fees, court fines, and restitution. After a probation revocation hearing, the Honorable Edgar W. Dickson ordered Wright to serve twenty days on consecutive weekends starting May 16, 2009, and make payments directly to Homeowners of $5000 on May 15, 2009, $1875 in June 2009, and $1875 in July 2009. Because Wright had absconded, the May 2009 orders set his probation start date on July 9, 2008. The five-year probationary term remained unchanged.

On May 21, 2013, the Department served Wright with a citation for failure to pay the remaining restitution balance of $43,468.66. In the citation, the Department noted Wright's probationary period would end on July 8, 2013, and recommended Wright's restitution arrearage of $43.468.00 be converted to a civil judgment. At the September 6, 2013 hearing—on the current probation citation—counsel for Homeowners presented the circuit court with a proposed agreement providing Wright's probation would be deemed concluded as of September 6, 2013, and Wright would be found in willful civil contempt for failure to pay the remaining restitution. Pursuant to the agreement, Wright would be sentenced to six months

---

[1] Following his initial $45,000 payment, Wright owed restitution to Homeowners in the amount of $100,000.

incarceration but could purge himself of this contempt by making payments directly to Homeowners. The proposal authorized Homeowners to seek a rule to show cause if Wright failed to make the payments. Wright testified he understood the agreement, was not "forced, pressured, coerced, or made" to enter it, and was not under the influence of drugs or alcohol. Moreover, Wright admitted he had willfully violated the terms of his probation by failing to make the required restitution payments. The circuit court entered the terms of the agreement on the record, terminated Wright's probation, and requested Homeowners prepare a consent order setting forth the terms as well as a schedule for repayment.

On October 3, 2013, Wright notified the court that he would not consent to the terms of the agreement as set forth in the proposed consent order. The circuit court signed the proposed consent order (Final Order)[2] without the signatures of the parties as Wright had testified, on the record, to his understanding and acceptance of the terms of the proposed agreement. Wright moved to reconsider before the Final Order was filed, and subsequently filed a notice of intent to appeal.[3] Because Wright's probationary period expired before the circuit court's entry of the Final Order, we reverse pursuant to Rule 220(b), SCACR, and the following authorities, and convert any remaining restitution balances to civil judgments.

1. We reverse the circuit court's finding of willful civil contempt stemming from any probation and restitution orders because Wright's probation expired on or before July 9, 2013. *See* S.C. Code Ann. § 24–21–440 (2007) ("The period of probation . . . shall not exceed a period of five years and shall be determined by the judge of the court and may be continued or extended within the above limit."); *State v. Miller*, 404 S.C. 29, 34, 744 S.E.2d 532, 535 (2013) ("[W]hile the court may extend the length of the probation originally given, the total period of probation may not exceed the statutory maximum of five years."); *id.* at 35, 744 S.E.2d at 536 (explaining a probationer may not "obtain credit against the five-year period for any period of time during which he was not, in fact, under probationary supervision by virtue of his own wrongful act"); *State v. Hackett*, 363 S.C. 177, 181, 609 S.E.2d 553, 555 (Ct. App. 2005) ("South Carolina's appellate courts have expressly recognized the general authority of the circuit court to toll probation.");

---

[2] The Final Order was filed with the Richland County Clerk of Court on November 20, 2013.

[3] On January 8, 2014, Homeowners filed a motion seeking a rule to show cause as to why Wright should not be held in civil contempt based on his failure to pay pursuant to the Final Order.

S.C. Code Ann. § 17–25–323(B) (Supp. 2014) ("When a defendant is placed on probation . . . and ordered to make restitution, and the defendant is in default in the payment of them or any installment or any criminal fines, surcharges, assessments, costs, and fees ordered, the court, before the defendant completes his period of probation or parole, on motion of the victim or the victim's legal representative, the Attorney General, the solicitor, or a probation and parole agent, or upon its own motion, must hold a hearing to require the defendant to show cause why his default should not be treated as a civil judgment and a judgment lien attached.").

2.  Because our ruling on the expiration of Wright's probation is dispositive, we decline to address whether the circuit court properly entered the Final Order after Wright indicated he would not consent to or sign the order as submitted.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when resolution of a prior issue is dispositive).

3.  We find unpreserved Wright's argument that the Department lacks standing because it is not a named party to the case and did not intervene in the circuit court. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 692 (Ct. App. 2001) ("[A]n argument made in a reply brief cannot present an issue to the appellate court if it was not addressed in the initial brief.").

**REVERSED.**[4]

**LOCKEMY, C.J., and HUFF and MCDONALD, JJ., concur.**

---

[4] Because Wright's probationary period expired before the circuit court's entry of the Final Order, any remaining restitution balances shall be converted to civil judgments.